SAYE *v.* ADAMS LOAN AND INVESTMENT COMPANY.

No. 8098.   JULY 14, 1931.

*L. S. Maritzer, H. M. Morris,* and *A. W. Cuseck,* for plaintiff.
*Craighead & Craighead* and *W. C. Henson,* for defendant.

RUSSELL, C. J.   (After stating the foregoing facts.)

The question involved in this case is as to the sufficiency of the terms of an alleged written contract, regarding the purchase of a house and lot in Decatur, to sustain and enable the plaintiff to maintain an action for specific performance of the writing.   The plaintiff conceded the necessity of making a very substantial, sweeping amendment to the petition—an amendment from the very nature of which the plaintiff will be compelled to prove a large portion of the alleged contract of purchase by parol evidence entirely outside of the contract, and in part supported only by inferences which might or might not be deducible from the writing, as the jury might be inclined to construe for itself the agreement between the parties as reduced to writing; but his case would necessarily depend altogether upon parol evidence as to stipulations which are not specifically stated in the writing.   We take it the remedy of specific performance imports and includes only the meaning ordinarily attaching to the words "specific performance."   Necessarily, then, there can not be "specific performance" of a contract unless there is a definite and specific statement of the terms of the agreement.   The terms of a contract must be clear and definite, before it can be specifically performed.   In the case at bar it is insisted that in so far as the agreement between the parties in this case rests in parol, it should be specifically performed because it has been partly performed.   As to this, it is said in 2 Story's Eq. Jur. (14th ed.) 436, § 1053:   "We have already had occasion to see that parol agreements, even with part performance, will not be decreed to be specifically executed unless the whole terms of the contract are clear and definitely ascertained.   The same rule applies to cases of written contracts.   If they are not certain in themselves, so as to enable the court to arrive at the clear result of what all the terms are, they will not be specifically enforced.   In the first place, it would be inequitable to carry a contract into effect where the court is left to ascertain the intentions of the parties by mere conjecture or guess; for it might be guilty of the error of decreeing precisely what the parties never did intend or contemplate.   In the next place, if any terms are to be supplied, it must be by parol evidence; and the admission of such evidence would let in all the mischiefs

intended to be guarded against by the statute. Indeed it would be inconsistent with the general principles of evidence (although there are exceptions) which are administered in courts of equity as well as in courts of law; for the general rule in both courts is that parol evidence is not permissible to vary, annul, or explain a written contract." In *Trust Co.* v. *Neel*, 161 *Ga.* 965 (132 S. E. 385), Mr. Justice Hines and the writer dissented from the judgment in which it was held that the language, "assumption of loan of $9500," was too indefinite to identify any particular loan. We were of the opinion that the amendment to the petition in that case should have been allowed, and that the court did not err in overruling a general demurrer after the amendment had been offered which described with minute particularity the contract as to which specific performance was sought to be enforced. In the case at bar the lower court allowed every amendment offered by the plaintiff. The decision in *Crawford* v. *Williford*, 145 *Ga.* 550 (89 S. E. 488), which is the only case on the particular point now before us which the writer has been able to find in this State, was not the judgment of the full bench; for Justice Beck dissented. However, we all agree as to the correctness of the rule as stated in 25 R. C. L. 219, § 18: "The requirement of certainty as to contracts in order that they may be specifically enforced extends not only to the subject-matter and purpose of the contract, but to the parties, consideration, and even the place and time of performance, where these are essential." Illustrations of different phases of this rule are found in the leading cases where adjudications of the courts of other jurisdictions have been unanimously agreed to. In Berry *v.* Wortham, 96 Va. 87 (30 S. E. 443), the court flatly decided the point as to specific statement as to the time and terms of deferred payments, thus: "Equity will not enforce specific performance of a contract of sale not stating the time and terms of the deferred payments." In Moore *v.* Galupo, 65 N. J. Eq. 194 (55 Atl. 628), the court said: "An agreement in writing for the sale of lands for a total price of $54,000 provided that $250 should be paid on the date of the agreement, $250 on the 3d day of June, and $9,500 on the delivery of the deed on or before the 1st day of next April; 'the remaining sum of $44,000 to be secured by mortgage or mortgages on said premises, bearing six per cent. per annum interest.' The proposed vendee paid the first two cash installments of the

contract price, and refused to go further with the transaction. The proposed vendor filed a bill to compel the specific performance of the agreement. *Held,* the written contract shows that the parties intended $10,000 part of the consideration should be paid in cash on or before the delivery of the deed, and that the remaining $44,-000 should be secured upon some unexpressed term of credit by mortgage or mortgages upon the premises bearing interest at 6 per cent. per annum. It does not show that the parties had come to any agreement as to how many mortgages should be given, nor what should be the time or times of payment of the mortgage money, nor to whom the mortgage or mortgages should be made, nor (if more than one mortgage should be made) whether they should be concurrent or successive liens, or, if successive, in what order of precedence. *Held,* further, the written agreement is so uncertain and inconclusive as to essential incidents of the contract that no decree for specific performance can be made." In Schmeling *v.* Kriesel, 45 Wis. 325, it was held: "That the *term of credit* can not be supplied by legal presumption; nor can parol evidence be admitted to supply the defect, . . and, for the uncertainty of the contract in that particular, specific performance can not be enforced." In Strack *v.* Roetzel, 46 Okl. 695 (148 Pac. 1017), it was held: "It is a well-settled principle that specific performance of a contract will not be enforced when any material part of the terms or conditions are uncertain. In the instant case the notes and mortgages, for $4,000 and $2,000, respectively, were to be executed on March 2, 1911. The date of their maturity is an essential element in order to enforce the specific performance of the contract. The question of the maturity of the notes is left to subsequent negotiations between the parties, and courts of equity will not enforce a contract of which any material part has to be settled by future negotiations between the parties. The contract is to that extent indefinite and uncertain, and the specific performance thereof can not be enforced." It was held, in Burnett *v.* Kullak, 76 Cal. 535 (18 Pac. 401) : "Defendant made a contract with plaintiff as follows: 'Received of L. G. Burnett the sum of $100, being a deposit on the one-quarter interest of the Callis tract of forty-three and one half acres. . . The terms of this transaction are $4,000 for said interest in said tract; $1,500 cash within sixteen days from date, as soon as L. G. Burnett is satisfied as to

the title of said tract, and $2,500 on mortgage, as per deed and agreement from Callis (Tom) to Kullak & Winchester. It is hereby agreed that Burnett shall pay the interest on a certain promissory note for $1,700 at 10 per cent. interest from April 5th.' *Held*, that such a contract is too indefinite and uncertain to sustain an action of specific performance." In Buck *v.* Pond, 126 Wis. 382 (105 N. W. 909), it was held: "A memorandum of a contract for the sale of land which contemplates a partial cash payment on a certain day, and the giving of credit for the balance of the purchase-price, but fails to contain any stipulations as to the terms of the credit and the time of making deferred payments, is so indefinite and incomplete in a material part that specific performance thereof will not be decreed." The contract in the case at bar is too indefinite and uncertain, and too greatly dependent upon subsequent negotiations between the parties, to be enforceable in equity under the doctrine of specific performance, and therefore the lower court did not err in sustaining the general demurrer.

*Judgment affirmed. All the Justices concur.*