## ODUM *v.* DOWNING COMPANY INC. *et al.*

No. 9468. OCTOBER 13, 1933.

*Oliver & Oliver* and *Herbert W. Wilson,* for plaintiff.

*Reese, Scarlett, Bennet & Highsmith* and *Bennett & Bennett,* for defendants.

RUSSELL, C. J. (After stating the foregoing facts.) We are clear that the court did not err in refusing to allow the amendment which proposed to apportion the amount of the proceeds of turpentine to be marketed by the plaintiff in the ratio of 60 per cent. for the petitioner to enable him to carry out the contract, and 40 per cent. to be applied on the indebtedness due the Downing Company which petitioner assumed under the contract, provided that the full amount of $11,000 should be paid within a period of five years. This was not permissible, not only because it was not in accordance with anything set forth in the contract as originally set out in the petition, but it was clearly an attempt to alter and vary the purport of the original contract by parol evidence. As said in 2 Story's Eq. Jur. (14th ed.) 436, § 1053: "We have already had occasion to see that parol agreements, even with part performances, will not be decreed to be specifically executed unless the whole terms of the contract are clear and definitely ascertained. The same rule applies to cases of written contracts. If they are not certain in themselves, so as to enable the court to arrive at the clear result of what all the terms are, they will not be specifically enforced. In the first place, it would be inequitable to carry a contract into effect where the court is left to ascertain the intentions of the parties by mere conjecture or guess; for it might be guilty of the error of decreeing precisely what the parties never did intend or contemplate. In the next place, if any terms are to be supplied, it must be by parol evidence; and the admission of such evidence would let in all the mischiefs intended to be guarded against in the statute. Indeed it would be inconsistent with the general principles of evi-

dence (although there are exceptions) which are administered in courts of equity as well as in courts of law; for the general rule in both courts is that parol evidence is not permissible to vary, annul, or explain a written contract."

The original contract sued on in this case was not signed by the Downing Company; but even had it been signed, it was not enforceable by decree for specific performance, because it was too vague, uncertain, and indefinite, and was too dependent on subsequent negotiations between the parties to be enforceable in equity under the doctrine of specific performance. In 5 Pomeroy's Eq. Jur. (2d. ed.) 4915, § 2189, it is said: "Incompleteness and Uncertainty may Relate to the Parties, Price, Subject-matter, Conditions, etc.—The material terms, or the existence of the contract, may be uncertain or lacking, in reference to: (1) the parties contracting, or (2) the price or some definite means of ascertaining it, (3) the subject-matter, (4) conditions, etc." The author, after dealing with the first three circumstances which tend to make an alleged contract so incomplete and uncertain as to be unenforceable by decree for specific performance, proceeds to say: "The contract must be complete, definite, and certain as to whatever conditions are annexed, terms of credit where given, place of performance, time of performance unless a reasonable time is inferred, and other terms that are made by the contract." In support of the text numerous authorities are cited (pp. 4920, 4921), which leave no doubt that the court did not err in the ruling dismissing the petition in this case. The case at bar may well be said to be controlled upon this point by the unanimous decision in *Saye* v. *Adams Loan & Investment Co.,* 173 *Ga.* 24 (159 S. E. 575). The ruling in that case is so well supported by numerous earlier decisions of this court that further citation is deemed unnecessary.

*Judgment affirmed. All the Justices concur, except Bell, J., disqualified.*