### ALMAND *v.* WILLIAMS *et al.*

WYATT, Justice. 1. "Specific performance is not a remedy which either party can demand as a matter of absolute right, and will not in any given case be granted unless strictly equitable and just. Mere inadequacy of price may justify a. court in refusing to decree a specific performance of a contract of bargain and sale; so also may any other fact showing the contract to be unfair, or unjust, or against good conscience. And in order to authorize specific performance of a contract its terms must be clear, distinct, and definite. A petition. for specific performance, which fails to allege a case authorizing the relief sought under the application of the above-stated rules, is subject to demurrer." *Shropshire* v. *Rainey,* 150 *Ga.* 566 (104 S. E. 414). See also *Coleman* v. *Woodland Hills Co.,* 196 *Ga.* 626 (27 S. E. 2d, 226); *Ogletree* v. *Ingram & Le Grand Lumber Co.,* 207 *Ga.* 333 (61 S. E. 2d, 480); and cases cited in the above opinions.

2. Applying the above-stated principles of law to the facts in the instant case, we find that the allegations of the petition are not sufficient, as against a general demurrer, to state a case authorizing specific performance. In a petition for specific performance, it is necessary to set forth the value of the property involved, or facts from which the value can be ascertained, so as to enable the court to determine whether or not the contract is fair, or just, or one which in good conscience should be performed. *Ogletree* v. *Ingram & Le Grand Lumber Co.,* supra; *Coleman* v. *Woodland Hills Co.,* supra. No such allegations appear in the petition in the instant case. . It is true that it is alleged that the "named consideration for the house and lot is adequate," but such an allegation is not sufficient for the reason that it is not an averment of fact, but is merely a conclusion of the pleader. The judgment of the court below sustaining the general demurrer and dismissing the petition was therefore not error.

3. Since the judgment of the court below is being affirmed, it is not necessary to consider the other grounds of the general demurrer.

*Judgment affirmed. All the Justices concur.*

No. 17733. SUBMITTED JANUARY 17, 1952—DECIDED FEBRUARY 12, 1952.

*Carter Goode, J. Carl Hodges Jr., Edward D. Wheeler, Gray Skelton,* and *Harry F. Walters,* for plaintiff.

*John B. Griffin,* for defendants.