HEALAN *et al. v.* HEALAN.

No. 17907. SUBMITTED JUNE 9, 1952—DECIDED JULY 14, 1952.

*Wheeler, Robinson & Thurmond, Davis & Davidson, Quillian, Quillian & Thomas* and *Joseph D. Quillian,* for plaintiffs in error.

*Early C. Stark* and *George W. Westmoreland,* contra.

WYATT, Justice. 1. The first question presented is, whether or not the judgment of the court below overruling the general demurrer to the petition was error. "We recognize the rule that whether the contract be such as is provable by parol or is

required by the statute of frauds to be in writing, it must be certain and unequivocal in all its essential terms, either within itself or by reference to some other agreement or matter, or it can not be specifically enforced. . . It is, however, established that the certainty required must extend to all the particulars essential to the enforcement of the contract. It is essential that the contract be certain and definite as to the promise or engagement, as to the parties to whom the conveyance is to be made, as to the description of the subject matter, as to the consideration of the contract, and as to the time and mode of performance." *Dowling* v. *Doyle*, 149 *Ga.* 727 (102 S. E. 27). See also *Sturdivant* v. *Walker*, 202 *Ga.* 585 (43 S. E. 2d, 527); *Odum* v. *Downing Co.*, 177 *Ga.* 787 (171 S. E. 294); *Saye* v. *Adams Loan & Investment Co.*, 173 *Ga.* 24 (159 S. E. 575); and cases cited.

Construing the allegations of the petition most strongly against the pleader, the alleged agreement was that the plaintiff agreed to buy and the defendant agreed to sell a described piece of property for $5000. The agreement was oral, and the plaintiff has paid the said defendant alleged sums as part performance. This much of the alleged agreement is definite and certain. However, no definite time or mode of performance is alleged, nor is there anything alleged from which a definite time and mode of performance can be ascertained. The plaintiff in his original petition and in the various amendments thereto seeks to correct this obvious weakness in his petition. Nowhere in his petition, however, does he allege when the balance is to be paid, how it is to be paid, or to whom it is to be paid.

The plaintiff alleges a series of obligations and notes owed by the defendant which the plaintiff alleges he has agreed to pay as a part of the purchase price. The sum of some of these notes is alleged to be a definite amount; as to at least one obligation, it is alleged that the amount is unkown to the plaintiff. As to some obligations, it is alleged that it was agreed that they were to be deducted from the purchase price; and, as to others, it is not alleged whether or not they were to be deducted. In so far as the mortgage held by the Federal Land Bank of Columbia, South Carolina, or such other Federal agency as may have "the right to recover the same," is concerned, the allegations are conflicting. Plaintiff alleges in one place that the

amount due is about $2600; at another, that the amount is $2678.32; and at another, that he does not know how much is due or to whom it is due.

The above particulars are only examples of the indefinite nature of the contract alleged and sought to be specifically performed. While there are other particulars in which the contract is equally indefinite, the above is sufficient to show that the contract alleged in the petition in the instant case is not so definite and certain in all its essential terms as to be entitled to specific performance. See, in this connection, *Sturdivant* v. *Walker*, supra; *Odum* v. *Downing*, supra; *Saye* v. *Adams Loan & Investment Company*, supra; *Crawford* v. *Williford*, 145 *Ga.* 550 (89 S. E. 488); *Muller* v. *Cooper*, 165 *Ga.* 439 (141 S. E. 300); *Erwin* v. *Hardin*, 187 *Ga.* 275 (200 S. E. 159); *Trust Company of Georgia* v. *Neal*, 161 *Ga.* 965 (132 S. E. 385).

It follows, the judgment of the court below overruling the general demurrer to the petition was error.

2. Since the general demurrer should have been sustained, all that happened thereafter was nugatory.

*Judgment reversed. All the Justices concur, except Atkinson, P.J., not participating.*