## 19393. VEAL v. VEAL.

WYATT, Presiding Justice. The plaintiff in error filed suit against her former husband attempting to set aside a divorce decree and judgment that had been obtained upon her petition. The petition is in two counts. Count one prays for specific performance of an alleged verbal agreement concerning property. Count two seeks to have the judgment for divorce and alimony set aside on the ground of alleged duress. The trial court sustained a general demurrer to the petition. The exception here is to that judgment. *Held:*

1. The contract sought to be specifically performed is alleged to be as follows: "That when and if the defendant were to sell the house and lot known as 2825 Mornington Drive, N. W., Atlanta, Georgia, he would use one half of the money which he realized from such sale and apply it to the down payment on the purchase price of another house, in which house petitioner and the minor children of petitioner and defendant were to reside, and the defendant was, under such agreement, to make whatever monthly payments were necessary on the balance of the purchase price." Without passing upon the many questions here presented, it is sufficient to say that the alleged verbal agreement cannot be specifically performed for the reason that the alleged contract is not sufficiently definite to authorize a decree of specific performance. This court has many times pointed out that a contract which the courts will order specifically performed must be certain, fair, and for an adequate consideration. "And in order to authorize specific performance of a contract, its terms must be clear, distinct, and definite. A petition for specific performance, which fails to allege a case authorizing the relief sought under the application of the above-stated rules, is subject to demurrer." *Coleman* v. *Woodland Hills*, 196 *Ga.* 626 (27 S. E. 2d 226). See also cases there cited. A mere reading of the contract in this case is sufficient to disclose that none of the necessary allegations appears.

2. Count two of the petition, attempting to allege duress amounting to inceptive fraud, simply in substance alleges that the defendant, then the petitioner's husband, had before their separation been guilty of illicit relations with an unmarried female; that the said unmarried female told her father what had happened; that the father called the defendant by telephone and threatened to kill him; that she heard the conversation by answering an extension telephone; that this procedure was planned by the unmarried female in order to have her get a divorce; that she became frightened for fear that her husband would be killed and bring disgrace upon her and her children. Again, without passing upon all the questions here presented, it is sufficient to say that these facts simply are not sufficient to allege legal duress. Code, § 96-209, defines duress as follows: "Duress consists in any illegal imprisonment, or legal imprisonment used for an illegal purpose, or threats of bodily or other harm, or other means amounting to coercion or tending to coerce the will of another, and actually inducing him to do an act contrary to his free will." The facts in the instant case simply fail to constitute duress. No threats were made to the plaintiff in error. The only alleged threat was made to her husband, and no present ability to carry out that threat was alleged. See *Mallory* v. *Royston Bank*, 135 *Ga.* 702 (70 S. E. 586).

3. It follows from what has been said above, the judgment sustaining the general demurrer to the petition was not error.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 13, 1956—DECIDED JULY 9, 1956.

*Marvin O'Neal, Jr., Camp & Camp, Thomas L. Camp,* for plaintiff in error.

*Robert P. McLarty, Eugene R. Simons,* contra.