19628. WILLIAMS *v.* MANCHESTER BUILDING SUPPLY CO.

ARGUED FEBRUARY 11, 1957—DECIDED MARCH 12, 1957.

*J. B. Peavy, Hatcher, Smith & Stubbs,* for plaintiff in error. *Wm. Burton Steis, G. C. Thompson,* contra.

ALMAND, Justice. The judgment under review is one overruling a general demurrer to a petition seeking the specific performance of a contract to sell a tract of land. The petition made the following case: On September 18, 1956, Williams (hereinafter referred to as the vendor) executed a written option to Manchester Building Supply Company (hereinafter referred to as the vendee) to sell and convey to the vendee 1,101.87 acres in certain described land lots in Harris County, for a consideration of $30 per acre, $500 being then paid on the purchase price, and the vendee being given sixty days from the date of the option to consummate the purchase. In the option, the vendee granted to the "seller the right to reserve the home house where the seller now lives, together with fifty (50) acres of said land lying east of said house and fifty (50) acres of said land lying west of said house. The house and the said one hundred (100) acres of land to be particularly designated by a survey to be completed at a later date." It was alleged that, on November 16, 1956, the vendee accepted the option, tendered the full purchase money to the vendor, and agreed to unconditionally and fully perform all of the obligations required by the option, but that such tender was refused. In his petition, the vendee tendered and offered to pay the full purchase price into the court. It was further alleged that the sales price of the land set forth in the option was a fair and reasonable value of the land. The prayers of the petition were: for the specific performance of the terms and obligations of the option, for the enjoining of the vendor from changing the status of the property, and for such other and further relief to which the vendee might be entitled by reason of the facts set forth in his petition.

The general demurrer of the vendor raises this question: are the terms of the option contract so vague, uncertain, equivocal,

and indefinite that equity will not require it to be specifically enforced?

■ A court of equity will not decree the specific performance of a contract for the sale of land unless there is a definite and specific statement of the terms of the contract. The requirement of certainty extends not only to the subject matter and purpose of the contract, but also to the parties, consideration, and even the time and place of performance, where these are essential. Its terms must be such that neither party can reasonably misunderstand them. It would be inequitable to carry a contract into effect where the court is left to ascertain the intention of the parties by mere guess or conjecture, because it might be guilty of erroneously decreeing what the parties never intended or contemplated. *Ga. Southern &c. Ry. Co.* v. *Taylor,* 142 *Ga.* 350 (82 S. E. 1058); *Dowling* v. *Doyle,* 149 *Ga.* 727 (102 S. E. 27); *Saye* v. *Adams Loan &c. Co.,* 173 *Ga.* 24 (159 S. E. 575); *Erwin* v. *Hardin,* 187 *Ga.* 275 (200 S. E. 159); *Perrin* v. *Richardson,* 142 *Ga.* 394 (83 S. E. 102); *Healan* v. *Healan,* 209 *Ga.* 268 (71 S. E. 2d 537); *Harris* v. *Trippi,* 209 *Ga.* 369 (72 S. E. 2d 704).

■ Although the description of the tract of land which the vendee agreed to buy is specific and certain, an analysis of the other terms of the contract shows that they are too vague, uncertain, and indefinite to be specifically enforced. The vendor was granted the option "to reserve the *home house* where the seller now lives, *together* with fifty (50) acres of land lying *east of said house* and fifty (50) acres of said lands lying *west of said house*."_ (Italics ours.) Does "home house" mean just the land lying under the house, or does it include any yard or accessory buildings? Would the fifty acres to be surveyed of the "land lying east of said house" and the fifty acres "lying west of said house" exclude any land lying north or south of the house? Was the vendor required to reserve or except the 100 acres at the time that the vendee accepted the option, or at some future unspecified time? Further, the vendor agreed "to furnish good and marketable title to said property." Standing alone, this meant that he would convey to the vendee an unencumbered title (*Horne* v. *Rodgers,* 113 *Ga.* 224, 38 S. E. 768); but the op-

tion contract further provided that it was "made and accepted with the understanding and agreement between the parties hereto that the lands above mentioned are subject to the lien of a certain security deed executed by the seller in favor of the Federal Land Bank of Columbia, S. C. Said security deed being recorded in Harris County, Georgia, Deed Book 26, at page 501." Taking these two provisions together, did they mean that the vendor, on the closing of the sale, would be required to pay off the indebtedness secured by the loan, or that the vendee could deduct from the purchase money the amount of the debt due the Land Bank and assume the loan? Or rather, did it mean that the vendee was buying the property subject to the indebtedness against the property, and it could not deduct from the agreed purchase price the amount of the debt? The oral arguments of counsel for the parties disclosed that the parties' construction of these provisions are not in accord. If the terms of the contract are such that they can be reasonably misunderstood by the parties, clearly a court of equity has neither the power nor the means to discover the intentions of the parties by mere guess or conjecture.

The terms of the option being so vague, uncertain, and indefinite as to be incapable of enforcement, the petition failed to set forth a cause of action for specific performance.

■ Counsel for the vendee insists that, even though the petition may not set forth a cause of action for specific performance, yet, under its prayer "for such other and further relief to which petitioner may be entitled by reason of the facts set forth in this petition," the petition did set forth a cause of action to recover the $500 paid on the purchase price of the land, and therefore the general demurrer was properly overruled. The specific prayers of the petition were for a decree of specific performance, and for an injunction restraining the vendor from changing the status of the property. There is no allegation that the vendor is indebted to the vendee in any amount, nor is there any prayer for a money judgment. "Where there is a special prayer and a general prayer, the petitioner under the general prayer may have such other relief only as is consistent with the case as made in the petition, and with the special prayer." *Christopher* v. *Whitmire*, 199 *Ga.* 280, 284 (34 S. E. 2d 100). In the instant case,

the prayer for general relief, when considered in connection with the entire petition, was insufficient to authorize the finding of a money judgment, because such relief would not be germane to the prayers either for specific performance or for an injunction. See *Schmitt* v. *Schneider*, 109 *Ga.* 628 (35 S. E. 145); *White* v. *Sikes*, 129 *Ga.* 508 (1) (59 S. E. 228, 121 Am. St. R. 228).

The petition failing to set forth a cause of action for any relief, the court erred in overruling the general demurrer.

*Judgment reversed. All the Justices concur.*