20493. DUVALL *v.* COX *et al.*

SUBMITTED MAY 12, 1959—DECIDED JUNE 5, 1959.

*Frank M. Gleason,* for plaintiff in error.

*McClure & McClure, W. A. McClure, Aubrey E. Graves,* contra.

ALMAND, Justice. The judgment under review is one sustaining the general and special demurrers to a petition seeking the specific performance of a written contract to sell a tract of land. C. B. Duvall, the plaintiff in error, alleged in his petition that, on April 28, 1958, the defendant Evelyn Bentley entered into a written contract to sell him two lots of land in Catoosa County, Georgia; that he took possession of one of the lots and built a house on it; and that on July 20, 1958, he tendered to Evelyn Bentley the agreed purchase price for the lot, but she refused to accept said sum and execute a deed to him for the lot in accordance with their written agreement. Duvall further alleged that, on July 1, 1958, Evelyn Bentley conveyed to the defendant J. Hassell Cox, the lot which she had previously contracted to sell him. In his petition the plaintiff tendered and offered to pay the alleged purchase price into court. His prayers where that the defendant Bentley be required to specifically perform the terms and obligations of the contract and execute a deed to him; that the deed executed by Bentley to Cox be canceled of record as a cloud on his title; that the defendants

be enjoined from executing other deeds to the property described in the petition, and from trespassing on the land or interfering with his tenant's possession of the property; and that he have such other relief to which he might be entitled by reason of the facts set forth in his petition. The defendants filed general demurrers, in which they asserted that the writing relied on by the plaintiff was not sufficiently clear and definite to be the subject of specific performance, in that it did not denominate a buyer or a seller or name a consideration or set out any terms which could be enforced against either party.

Error is assigned on the orders of the trial court sustaining the general and special demurrers of the defendants and dismissing the petition.

"Three elements are essential to a contract of sale: 1. An identification of the thing sold. 2. An agreement as to the price to be paid. 3. Consent of the parties." Code § 96-101. "A court of equity will not decree the specific performance of a contract for the sale of land unless there is a definite and specific statement of the terms of the contract. The requirement of certainty extends not only to the subject matter and purpose of the contract, but also to the parties, consideration, and even the time and place of performance, where these are essential." *Williams v. Manchester Building Supply Co.*, 213 *Ga.* 99, 101 (97 S. E. 2d 129), and cases cited. The writing relied upon by the plaintiff is as follows: "This contract entered into this 28th day of April, 1958, between Charles Billy Duvall and Evelyn Bentley, covering two lots as follows:   .   .   .   [a description of the land then follows]. Deeds covering above are being drawn up." It was signed by the named parties. While the writing contains a description of two lots of land, it is totally lacking in the recitation of an agreement as to the price to be paid, or even of an agreement to buy and sell the described lots, and unquestionably is too vague, uncertain, indefinite, and incomplete to be specifically enforced as a contract for the sale of land.

It is unnecessary to pass upon the plaintiff's contention, asserted in his brief, that the allegations of the petition are sufficient to state a separate cause of action, under Code § 37-802, providing for specific performance of a parol contract as to land

where there has been partial performance accompanied by possession. This is true for the reason that the action here is for specific performance of an alleged written contract to convey land; and "in the absence of a separate count setting up the terms of any valid parol agreement and praying for specific performance thereof, no such question is presented by the pleadings." *Sturdivant* v. *Walker*, 202 *Ga.* 585 (7) (43 S. E. 2d 527).

Accordingly, the trial court did not err in sustaining the demurrers of the defendants and dismissing the petition.

*Judgment affirmed. All the Justices concur.*