20722. HARRIS *v.* PORTER'S SOCIAL CLUB, INC.

HAWKINS, Justice. 1. "An instrument signed by one as agent, trustee, guardian, administrator, executor, or the like, without more, shall be the individual undertaking of the maker, such words being generally words of description." Code § 4-401. See also *Waycross Air-Line R. Co.* v. *Southern Pine Co. of Ga.,* 115 *Ga.* 7, 9 (1) (41 S. E. 271).

2. "A court of equity will not decree the specific performance of a contract for the sale of land unless there is a definite and specific statement of the terms of the contract. The requirement of certainty extends not only to the subject matter and purpose of the contract, but also to the parties, consideration,

and even the time and place of performance, where these are essential. Its terms must be such that neither party can reasonably misunderstand them. It would be inequitable to carry a contract into effect where the court is left to ascertain the intention of the parties by mere guess or conjecture, because it might be guilty of erroneously decreeing what the parties never intended or contemplated." *Williams* v. *Manchester Bldg. Supply Co.*, 213 *Ga.* 99, 101 (1) (97 S. E. 2d 129). See also *Duvall* v. *Cox*, 215 *Ga.* 163, 164 (109 S. E. 2d 593).

3. The petition in this case, filed on May 25, 1959, by Charles A. Harris, against Porter's Social Club, Inc., a Georgia corporation, seeks the specific performance of a contract to convey land alleged to be owned by the defendant corporation. The contract was executed by "C. A. Harris," purchaser, on March 13, 1959, and by "Ezekiel Harvey" and "C. T. Brinson Treas." as sellers, on March 24, 1959. If the sellers were acting in behalf of the corporation, this was not disclosed. The name of the corporation is not mentioned in the contract. The contract recites that "time is of the essence," and that the "sale is to be consummated within ___ days," the blank space not being filled in, and it further recites that the offer by the party who first executes the same "is open for acceptance by the other until noon, on the ___ day of ___, 19___," the blank spaces not being filled in. Therefore, under the foregoing authorities, the trial judge did not err in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. All the Justices concur.*

Argued January 11, 1960—Decided February 11, 1960.

*Max R. McGlamry, Theo J. McGee*, for plaintiff in error.
*Davis & Davis, Lennie F. Davis, Albert W. Stubbs, Hatcher, Smith, Stubbs & Rothschild*, contra.