## 38886.  BURDEN v. THOMAS.

DECIDED SEPTEMBER 6, 1961.

*Smith, Swift, Currie, McGhee & Hancock, Charles L. Weltner,* for plaintiff in error.

*Sam G. Dettelbach,* contra.

FELTON, Chief Judge. The plaintiff has elected to seek damages for the defendant's alleged breach of the written option contract which he may do. *Reed v. Dougherty,* 94 Ga. 661 (20 SE 965), cited in *Morris v. McKee,* 96 Ga. 611 (24 SE 142) ; *Crim v. Southern Realty &c. Corp.,* 38 Ga. App. 502 (144 SE 342).

The provision: "Property to be filled and paved level with street and filling station level" does not specify by whom or when, or with what material the paving was to have been done. By applying the rule that the intention of the parties is the prevailing consideration in the construction of contracts (see *Code* § 20-702; *Dorsey v. Rankin,* 43 Ga. App. 12 (1), 157 SE 876), we can probably say that the parties had in mind that the vendor should assume this obligation, as the vendor would have no interest in what the vendee did with the land after having purchased it. The other questions, as to when and with what material it was to be paved, are not as easily determined. The intention cannot be determined since it does not appear, directly or indirectly, in either the printed contract or the typewritten special stipulations. This provision, having been added as a special stipulation, must be considered a material consideration,

and language which is an essential and inseparable part of the contract should be definite and certain. *Trust Co. of Ga. v. Neal*, 161 Ga. 965 (132 SE 385). The requisite certainty is also set out in *Dowling v. Doyle*, 149 Ga. 727, 733 (102 SE 27): "We recognize the rule that whether the contract be such as is provable by parol or is required by the statute of frauds to be in writing, it must be certain and unequivocal in all its essential terms, either within itself or by reference to some other agreement or matter, or it can not be specifically enforced. . . It is, however, established that the certainty required must extend to all the particulars essential to the enforcement of the contract. It is essential that the contract be certain and definite as to the promise or engagement, as to the parties to whom the conveyance is to be made, as to the description of the subject-matter, as to the consideration of the contract, and as to the time and mode of performance." See also *Sturdivant v. Walker*, 202 Ga. 585 (43 SE2d 527); *Odum v. Downing Co.*, 177 Ga. 787 (171 SE 294); *Saye v. Adams Loan &c. Co.*, 173 Ga. 24 (159 SE 575); *Williams v. Manchester Building Supply Co.*, 213 Ga. 99 (97 SE2d 129), and cases cited.

The plaintiff urges that there is ambiguity in the terms of the contract and therefore that the intention of the parties is a question for the jury, and that parol evidence should be admitted to explain these ambiguities by proof of their agreement at the time of the execution of the contract. See: *Code* § 20-704 (1); *Summerour v. Pappa*, 119 Ga. 1 (4) (45 SE 713); *Pidcock v. Nance*, 15 Ga. App. 794 (3) (84 SE 226) and other cases to this effect. "The word 'ambiguity' has been variously defined by the courts, but for the purpose of this case it is sufficient to say that a word or phrase is ambiguous only when it is of uncertain meaning, and may be fairly understood in more ways than one." *Dorsey v. Clements*, 202 Ga. 820, 823 (44 SE2d 783); *Novelty Hat Mfg. Co. v. Wiseberg*, 126 Ga. 800 (55 SE 923); *First Nat. Bank of Sparta v. Hancock Warehouse Co.*, 142 Ga. 99 (1) (82 SE 481). An ambiguity, then, involves a choice between two or more constructions of the contract. Where, as here, there is no ambiguity, and the terms of the contract are not set out with sufficient particularity to enable the court to say what in

fact was intended by the parties as full compliance, then the matter of a choice between two or more constructions is not involved. There is simply not enough certainty to make the contract enforceable without adding to it by parol evidence. The rules involving ambiguous contracts do not apply here.

The case of *Tippins v. Phillips*, 123 Ga. 415 (51 SE 410), while involving an inadequate description of land, nevertheless furnishes a guide as to the minimum amount of certainty which is a requisite in such a case. In that case, it was said that "neither specific performance nor damages for its breach will be decreed in an action on a written option to purchase land, where the land is so vaguely described that *the writing furnishes no key to its identification.*" (Italics ours). In *Valdosta Machinery Co. v. Finley*, 164 Ga. 706 (139 SE 337), parol evidence was admitted to further identify the subject-matter of the contract, but only because there was a sufficient "key" in the description in the contract which the court could use in ascertaining the complete identity of the subject-matter. In the instant case, the contract furnishes no "key" by which the details of the filling and paving can be identified sufficiently to enable the contract to be enforced. *Code Ann.* § 20-107, catchword "Description."

A great deal of confusion has arisen in our law as to the question whether a greater degree of certainty is required in the terms of an agreement which it is sought to have specifically performed than is necessary in a contract which is the basis of an action at law for damages. The statement in *Prater v. Sears*, 77 Ga. 28, and possibly other cases to the effect that to entitle one to recover damages in lieu of specific performance the complainant must prove his right to the latter remedy has probably been misunderstood. The statement as originally made meant only that a right to specific performance was necessary to be shown only for the purpose of giving a court of equity jurisdiction to render a judgment for damages in lieu of specific performance. Since the Uniform Procedure Act of 1887 such a showing is no longer necessary. Yet the requirement stated has been picked up in numerous decisions as having a meaning completely different from the original meaning. The Supreme Court of Georgia in *Morgan v. Hemphill*, 214 Ga. 555 (105 SE2d

580), quoted authority to the effect that "It may well be doubted, however, whether there has been any practical recognition of any such distinction by the courts," and in that case, which involved only an action at law for damages, the court held that the same test of definiteness would apply as applies in a case involving specific performance. Whatever the rule may be where an action for specific performance includes an alternative prayer for damages in lieu of specific performance we think that indefiniteness as to any material provision of a contract would preclude an action, solely at law, for damages based upon the contract. The rationale of the "key" rule applies as well to other terms and conditions of contracts as it does to the description of property, real or personal. That rationale is that where there is no definiteness within the four corners of the contract neither parol nor other extraneous evidence alone may supply the deficiency. If there is a "key" within the contract through which other evidence may show with certainty what the parties intended, the requirement of definiteness is satisfied. For example, if the instant contract had provided that the paving should be done with the same material as that with which all of the surrounding or adjacent land was paved, the key would have been sufficient. What we have said with reference to the paving provisions applies to the reference to the "Turner-Patterson" contract's going through. There is no key to what the contract is or who the parties are, even if we could know what "going through" means. We think that the stipulation regarding the earnest money refers to a limitation of commissions if no sale took place and was not intended to render the rest of the contract impossible of enforcement and absolutely absurd. The rule in specific performance cases as to the necessity of alleging clean hands and the fairness of the contract is an equity rule and not applicable to actions at law for damages.

The court did not err in sustaining the general demurrer to the petition and in dismissing the action.

*Judgment affirmed. Bell and Hall, JJ., concur.*