## 21696. BONNER v. JORDAN.

QUILLIAN, Justice. This is a suit brought by the seller of real estate to compel the purchaser to specifically perform the contract of sale. The contract contained the provision: "Purchaser to pay $5,500 down and secure a loan for $10,000 balance. This sale is subject to purchaser's ability to obtain this loan." The petition alleged the purchaser could obtain the loan of $10,000 but refused to accept the loan or carry out the contract.

The contract is too indefinite to be the subject of a decree for specific performance for the reason that it does not stipulate upon what terms and at what rate of interest the defendant is to obtain the loan of $10,000. *Erwin v. Hardin*, 187 Ga. 275 (200 SE 159); *Wehunt v. Pritchett*, 208 Ga. 441, 444

(67 SE2d 233) ; *Healan v. Healan,* 209 Ga. 268 (71 SE2d 537) ; *F & C Investment Co. v. Jones,* 210 Ga. 635 (81 SE2d 828) ; *Williams v. Manchester Bldg. Supply Co.,* 213 Ga. 99, 101 (97 SE2d 129) ; *Duvall v. Cox,* 215 Ga. 163, 164 (109 SE2d 593). See, as to the necessity of completeness of a contract to be enforced in a suit for breach of same, *Williams v. Gottlieb,* 90 Ga. App. 438 (1) (83 SE2d 245), and *Scarborough v. Novak,* 92 Ga. App. 488 (88 SE2d 800). Hence, it must be held that the trial judge erred in overruling the general demurrer to the petition.

*Judgment reversed. All the Justices concur.*

ARGUED JUNE 12, 1962—DECIDED JULY 9, 1962.

*Hatcher, Smith, Stubbs & Rothschild, J. Rudolph Jones,* for plaintiff in error.

*Roberts & Thornton,* contra.