22982. KEAPPLER et al. v. MILLER et al.

MOBLEY, Justice. 1. "Specific performance is not a remedy which either party can demand as a matter of absolute right, and will not in any given case be granted unless strictly equitable and just. Mere inadequacy of price may justify a court in refusing to decree a specific performance of a contract of bargain and sale; so also may any other fact showing the contract to be unfair, or unjust, or against good conscience. And in order to authorize specific performance of a contract its terms must be clear, distinct, and definite. A petition for specific performance, which fails to allege a case authorizing the relief sought under the application of the above-stated rules, is subject to demurrer." *Almand v. Williams,* 208 Ga. 703 (1) (69 SE2d 271) citing *Shropshire v. Rainey,* 150 Ga. 566 (104 SE 414). See also *Veal v. Veal,* 212 Ga. 471 (1) (93 SE2d 751); *Harris v. Porter's Social Club, Inc.,* 215 Ga. 687 (2) (113 SE2d 134).

2. Applying the above stated principles of law to the allegations of facts of the petition in this case, the petition does not, as against general demurrer, state a cause of action for specific performance. The petition seeks specific performance by

defendants of an oral contract to build a wall from the level of his property up a sloping embankment to the natural level of the ground on petitioners' property and afford lateral support to petitioners' land.

The petition alleges that the parties are adjoining property owners, that prior to petitioners' purchase of their land, defendants had excavated to the property of petitioners along the length of the property line from a depth of 3 to 25 feet; that the parties entered into an oral agreement that petitioners "would permit defendants to slope approximately 200 feet of said vertical embankment by the excavation of an additional 5 feet westward into petitioners' property so that said embankment would be stabilized and more adaptable to a less expensive retaining wall so as to prevent cave-ins and thereby give lateral support," that "[I]n consideration of granting to defendant permission to slope said embankment back five feet into petitioners' property, the defendant agreed to erect a wall along 200 feet of said cut from the grade level of his property up said sloping embankment to the natural level of the ground on petitioners' property, and along the additional approximately 175 feet extending southward along said line the defendant agreed to fill and empack earth against said vertical embankment to furnish stability and lateral support"; that pursuant to the agreement defendants caused said vertical bank to be cut back and sloped five feet into petitioners' property, and that defendants failed and refused to build the wall as agreed upon.

Obviously the terms of the alleged agreement to build a wall are not certain, definite and clear. The dimensions of the wall agreed upon are not alleged—whether six inches or six feet in width, or what width it was to be, nor of what materials it was to be built—rock, brick, concrete or what.

If the court ordered specific performance of the agreement, what kind of wall would it order the defendants to build? The agreement does not provide an answer, thus there is no way for the court to require the building of the wall. While the petition prays "that the defendant be required to specifically perform his part of the contract to build said wall and afford lateral support to petitioners' land," the petition does not allege that the defendants had agreed to afford lateral support to petitioners' land. Plaintiff simply alleges that he

agreed to build the wall but did not allege that he agreed to build a wall along the property line sufficient to furnish petitioners lateral support. The petition failing to set out a cause of action for any of the relief prayed, the trial court erred in overruling the general demurrer to the petition.

*Judgment reversed. All the Justices concur.*

ARGUED JUNE 15, 1965—DECIDED JULY 8, 1965.

*Ware, Sterne & Griffin, Robert F. Lyle,* for plaintiffs in error. *Arnold & Harris, J. Robert Coleman, Robert B. Harris,* contra.