23650.   KEAPPLER et al. v. MILLER et al.

ARGUED SEPTEMBER 15, 1966—DECIDED OCTOBER 20, 1966—
REHEARING DENIED NOVEMBER 3, 1966.

*Ware, Sterne & Griffin, Robert F. Lyle,* for appellants.
*Robert B. Harris, J. Robert Coleman,* for appellees.

ALMAND, Justice.   Ernest G. Miller, Jr., Bobby L. Holloway, William A. Miller and Sam M. Weyman brought their equitable petition for specific performance of an alleged oral contract in Fulton Superior Court against Mr. and Mrs. Ernest W. Keappler. The petition in substance alleged that the plaintiffs and defendants were owners of adjoining tracts of land; that "prior to the purchase by petitioners of their said land, the defendant, along a distance of about 450 feet along said common boundary line, had caused the grade level of his land to be excavated below natural grade and thereby created an almost vertical earthen cut or embankment ranging at the north end of said line (at Campbellton Road) from an initial cut of about three feet up to a cut of about twenty-five feet at a point about 75 feet southerly and then continuing at said twenty-five feet out for a distance (continuing southerly along said common line) of about 375 feet."

The petition further alleged that in November, 1963, in consideration for plaintiffs allowing the defendant to slope 200 feet of said vertical embankment by excavation of five feet into petitioners' property, "the defendant agreed to erect a wall along 200 feet of said cut from the grade level of his property up said sloping embankment to the natural level of the ground on petitioners' property, and along the additional approximately 175 feet extending southward along said line the defendant agreed

to fill and empack earth against said vertical embankment to furnish stability and lateral support." The defendants failed to take any action except to slope said embankment until the following spring although asked to do so by petitioners on several occasions. In April, the defendants deposited loose fill dirt against the southernmost 175 feet of the embankment but did nothing more until May when defendant constructed a three-foot wall along 200 feet of the sloped embankment which petitioners allege affords little or no lateral support. Defendants state that said three-foot wall would not support the type of wall which petitioners claim should have been built, and the petitioners claim that defendants owe them the duty of lateral support.

The defendants' general demurrers to the original petition were overruled, and on appeal from this order, this court reversed on the ground that "the terms of the alleged agreement to build a wall are not certain, definite and clear. The dimensions of the wall agreed upon are not alleged—whether six inches or six feet in width, or what width it was to bè, or of what materials it was to be built—rock, brick, concrete or what." *Keappler v. Miller*, 221 Ga. 144, 145 (143 SE2d 647).

Petitioners subsequently amended their petition to state that the vertical excavation has caused petitioners' land to cave in and slide down the said embankment. Petitioners further alleged by amendment that "the petitioners entered into an oral agreement with the defendant in November of 1963 whereby the petitioners agreed to permit the defendant to slope, along the common property line, two hundred (200) feet of the said vertical embankment by the excavation of an additional five (5) feet westward into petitioners' property so that said embankment would be stabilized and made more adaptable to a less expensive retaining wall so as to prevent cave-ins and thereby afford and give lateral support. In consideration of granting to defendant permission to slope the said embankment back five (5) feet into petitioners' property, the defendant agreed to afford and furnish lateral support to the petitioners' property by erecting a solid concrete and granite stone foundation wall three (3) feet in height with a thickness of eighteen (18) inches along this two

hundred (200) feet of the said cut and then erecting a substantial concrete filled rip-rap stone wall, a wall constructed of broken, flat stones four (4) to six (6) inches in thickness placed together irregularly on an embankment and placing concrete between all of the stones so as to provide additional stability and lateral support and thus prevent erosion of the soil, beginning at the top of the said three (3) foot granite stone wall and extending up the sloping embankment to the natural level of the ground on petitioners' property and then to complete the wall by placing an eight (8) inch wide by twelve (12) inch high solid concrete cap so as to permit the petitioners to install iron fence posts into such cap and to construct and stretch a fence across the top of the wall. The defendant agreed to leave weepholes at intervals of eight (8) feet apart in the said rip-rap stone wall so as to permit water from the roof drains on petitioners' property to drain through the weepholes in the wall into a catch basin on the defendants' property. Along the additional one hundred seventy-five (175) feet extending southward along the said property line the defendant agreed to fill and empack earth against the said vertical embankment sufficient to furnish stability and afford lateral support to petitioners' property."

Defendants renewed their general demurrers to the plaintiffs' petition which were overruled, and defendants have appealed and assigned error upon this order.

"A court of equity will not decree the specific performance of a contract for the sale of land unless there is a definite and specific statement of the terms of the contract. The requirement of certainty extends not only to the subject matter and purpose of the contract, but also to the parties, consideration, and even the time and place of performance, where these are essential. Its terms must be such that neither party can reasonably misunderstand them. It would be inequitable to carry a contract into effect where the court is left to ascertain the intention of the parties by mere guess or conjecture, because it might be guilty of erroneously decreeing what the parties never intended or contemplated." *Williams v. Manchester Bldg. Supply Co.*, 213 Ga. 99, 101 (97 SE2d 129) and cases there cited. In *Almand v. Williams*, 208 Ga. 703 (69 SE2d 271), this

court said that "mere inadequacy of price may justify a court in refusing to decree a specific performance of a contract of bargain and sale; so also may any other fact showing the contract to be unfair, or unjust, or against good conscience." The court further stated that "in a petition for specific performance, it is necessary to set forth the value of the property involved, or facts from which the value can be ascertained, so as to enable the court to determine whether or not the contract is fair, or just, or one which in good conscience should be performed."

The petition in the instant case neither sets out the approximate cost of constructing the wall which it is alleged the defendant agreed to build nor the value of the petitioners' land taken in the process of grading the embankment, and there are no facts showing the cost or value of the wall which the defendants have allegedly already built.

We have found no case prior to this litigation which presents a similar set of facts as does the petition here in an action for specific performance, but the foregoing equitable principles, although stated in cases involving contracts for the sale of land, can be applied here. It is impossible for the trial court to determine whether the contract is unfair, unjust or against good conscience since the cost of construction of the wall to any party to this alleged contract has not been set out in the petition. The general demurrer to the petition should have been sustained.

It was error for the court to overrule the defendants' general demurrers.

*Judgment reversed. All the Justices concur.*