### 24100. GEORGIA MONEY CORPORATION v. MONTELEONE APARTMENTS, INC.

NICHOLS, Justice. 1. " 'Specific performance is not a remedy which either party can demand as a matter of absolute right, and will not in any given case be granted unless strictly equitable and just. Mere inadequacy of price may justify a court in refusing to decree a specific performance of a contract of

bargain and sale; so also may any other fact showing the contract to be unfair, or unjust, or against good conscience. And in order to authorize specific performance of a contract its terms must be clear, distinct and definite. A petition for specific performance, which fails to allege a case authorizing the relief sought under the application of the above-stated rules, is subject to demurrer.' *Shropshire v. Rainey,* 150 Ga. 566 (104 SE 414). See also *Coleman v. Woodland Hills Co.,* 196 Ga. 626 (27 SE2d 226); *Ogletree v. Ingram & LeGrand Lumber Co.,* 207 Ga. 333 (61 SE2d 480); and cases cited in the above opinions." *Almand v. Williams,* 208 Ga. 703 (1) (69 SE2d 271). See also *Howington v. Juhan,* 218 Ga. 748 (130 SE2d 822).

2. An allegation that the "price was fair" is a mere conclusion of the pleader and not an averment of fact. See *Almand v. Williams,* supra, Headnote 2.

3. Applying the above well-settled principles to the facts in the case sub judice the judgment of the trial court sustaining the defendant's general demurrer was not error inasmuch as the petitioner failed to allege the value of the property involved.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 13, 1967—DECIDED JUNE 22, 1967.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Hoke Smith, Ralph H. Hicks,* for appellant.

*Edward D. Wheeler,* for appellee.

