## A91A0233. UNITED PARCEL SERVICE, INC. v. UNIVERSAL DIAMOND CORPORATION, INC.

### (409 SE2d 558)

SOGNIER, Chief Judge.

Universal Diamond Corporation, Inc. brought suit against United Parcel Service, Inc. to recover damages for United Parcel's alleged breach of two agreements to collect "cash only" for C.O.D. shipments made by Universal Diamond. The parties filed cross motions for summary judgment. The trial court granted Universal Diamond's motion and denied that of United Parcel, and United Parcel appeals.

On November 25, 1988, and again on November 29, 1988, appellee contracted with appellant for C.O.D. delivery by next day air service of two shipments of jewelry valued at $15,000 and $13,500 respectively. For each shipment, appellee's president, Amos Agami, and a sales representative of appellant filled out a bill of lading and a C.O.D. tag. The bill of lading required appellee to check the box beside the manner of payment preferred, choosing among "check," "cash," or various types of credit, and on each form Agami checked "cash." The shipper instructions printed on the C.O.D. tag provided that " 'CASH ONLY' MUST BE ENTERED ON INSTRUCTION LINE AND BOX CHECKED ON RECEIPTS IF DRIVER IS NOT AUTHORIZED TO ACCEPT CHECK." Agami complied with both of these directives, placing a check in the box next to the instruction to "CHECK HERE IF CASH ONLY" and writing the words "CASH ONLY" in the space provided for instructions. Appellant accepted cashier's checks for both shipments. Appellee rejected these payments as not in conformance with the contractual requirement, and the checks were subsequently proved to be counterfeit.

Appellant contends the trial court's ruling was erroneous either because the contracts between the parties clearly authorized it to accept cashier's checks, or, in the alternative, because the term "cash only" is ambiguous and should be construed to mean near-cash equivalents such as cashier's checks. We do not agree. Although appellant cites numerous cases, many of which are from other jurisdictions, analyzing the meaning of the term "cash" and interpreting it to include methods of payment other than currency, this argument ignores the fact that in the agreements at issue, the term "cash" was modified by the word "only." We find the inclusion of the word "only" clearly meant that the term "cash" was used in its narrowest sense to mean "only currency." See Black's Law Dictionary, 5th ed., p. 982 ("only" means "[s]olely; merely; for no other purpose; . . . of or by itself; without anything more; exclusive; nothing else or more"). *Kerlin v. Young*, 159 Ga. 95, 102, 103 (1) (125 SE 204) (1924), cited by appellant and the dissent, is not applicable because there the contract used the term "cash" with no qualifying language. The Air Ser-

vice Guide promulgated by appellant to explain its next day air service cannot be used to create an ambiguity because its provisions were neither referenced by nor incorporated into the contracts between the parties. Compare *ADC Constr. Co. v. McDaniel Grading*, 177 Ga. App. 223, 225-226 (2) (338 SE2d 733) (1985).

There being no ambiguity in the contractual requirement that appellant accept only currency and no material factual dispute concerning what appellant accepted from the consignee, the only question remaining is whether the payments complied with the contractual requirement as a matter of law. Since the acceptance of a cashier's check constituted a breach as a matter of law of appellant's contractual obligation to accept only currency, appellee was entitled to summary judgment. Accordingly, we affirm the grant of appellee's motion and the denial of appellant's motion.

*Judgment affirmed. McMurray, P. J., Birdsong, P. J., Pope, Cooper and Andrews, JJ., concur. Beasley, J., concurs specially. Banke, P. J., and Carley, J., concur in part and dissent in part.*

BEASLEY, Judge, concurring specially.

I concur in the majority opinion.

The dissent seeks to leave to the jury whether the parties intended "cash only" to include a cashier's check. Such is "a check drawn by a bank upon its own funds and signed by the cashier." Webster's 3rd New Intl. Dictionary. See OCGA § 11-3-104 (2b) for UCC definition of "check." The reason given in the dissent is that the word "cash" has been stated to mean "money or its equivalent."

Even if "cash only" were accorded such meaning in this case, it is undisputed that the instrument obtained was not money or its equivalent because it was a *forged* cashier's check. It was not a medium of ready exchange because it was worthless. To be equivalent, it had to have the same value as the sum it purportedly represented, but it had none. The intent behind the use of the words "cash only," giving significance not only to the word "cash" but also to the emphasis word "only," which itself is certainly not ambiguous, was obviously to protect UPS' customer from the collection of a valueless or problematic form of payment.

CARLEY, Judge, concurring in part and dissenting in part.

In my opinion, the term "cash only" is ambiguous and that ambiguity remains after applying the rules of construction. Accordingly, I concur in the affirmance of the denial of appellant-defendant's motion for summary judgment, but I must dissent to the affirmance of the grant of appellee-plaintiff's motion for summary judgment.

" "The word "ambiguity" has been variously defined by the courts, but for the purpose of this case it is sufficient to say that a

word or phrase is ambiguous only when it is of uncertain meaning, and may be fairly understood in more ways than one.' [Cits.]" *Burden v. Thomas*, 104 Ga. App. 300, 302 (121 SE2d 684) (1961). "The word, 'cash,' means money — usually, ready money — *but it also means money or its equivalent.*" (Emphasis supplied.) *Kerlin v. Young*, 159 Ga. 95, 102 (1) (125 SE 204) (1924). Thus, "cash" may be employed in a narrow sense as "currency" or in a broader sense as "either currency or its equivalent." Since the term "cash" may be fairly understood in either of these two ways, it follows that the term is ambiguous.

The term "cash only" is not any less ambiguous than the term "cash." "Cash only" may mean "cash or nothing," so that appellant's acceptance of "credit" or anything other than "cash" would not be authorized. However, "cash only" does not necessarily mean "currency or nothing," so that appellant's acceptance of a "currency equivalent" would not be authorized. "Only" narrows the scope of appellant's contractual performance to the acceptance of "cash" and the refusal of "credit," but "only" does not further define the term "cash" itself so as to narrow the scope of appellant's contractual performance to the acceptance of "currency" and the refusal of a "currency equivalent." "Court definitions of cash vary with the circumstances presented by a particular case. [Cits.] Only a few courts, however, have directly addressed the question whether a cashier's check constitutes cash for a specific transaction. [Cits.]. . . . Based on the multiplicity of definitions of the term 'cash' and the widespread view that cashier's checks circulate as cash in modern transactions . . ., we find that the term '*cash only*' was 'fairly susceptible of more than one construction.' . . ." (Emphasis supplied.) *National Diamond Syndicate v. United Parcel Svc.*, 897 F2d 253, 257 (7th Cir. 1990).

Likewise, the term "cash only" would not render appellant the *insurer* of the payment that it accepted on behalf of appellee. By agreeing to accept "cash only," appellant did not insure that any currency that it accepted would not be counterfeit or that any currency equivalent that it accepted would not be forged. The issue is whether the *form* of the payment was or was not "cash," not whether the payment, regardless of its form, was *legal*. Either a cashier's check was or was not "cash," so that its acceptance was or was not authorized. If it was, then appellant had satisfied its contractual obligation to appellee and the forgery would be a civil issue as between appellee and the forger and a criminal issue as between the forger and the State.

Since "cash only" is, in my opinion, ambiguous, I believe that resolution of the instant case is ultimately dependent upon whether that ambiguity remains after applying the rules of construction. " '[T]he fundamental rule, the rule which swallows up almost all others in construing a paper, is to give it that meaning which will best carry into effect the intent of the parties.' [Cit.] . . . ' " '(T)he inten-

tion of the parties may differ among themselves; in such cases the meaning placed on the contract by one party and known to be thus understood by the other party [at the time of its execution] shall be held as the true meaning.' " (Cit.)' [Cit.]" *Bemco Mattress Co. v. Southeast Bedding Co.*, 196 Ga. App. 509, 510-511 (1) (396 SE2d 238) (1990); OCGA § 13-2-4. There is evidence which would authorize a finding that appellant knew that appellee understood "cash only" to mean "currency only" and that appellant even confirmed appellee's understanding in this regard. According to the deposition of appellee's president, when he wrote the "cash only" instruction, he asked appellant's employee, "Green stuff?" and the employee responded, "Yes, sir." However, this evidence is not undisputed. According to the deposition of appellant's employee, he could not recall such a conversation with appellee's president and had never told a customer that "cash only" means "green stuff."

Where a matter of fact is involved, as where there is evidence tending to show that the meaning of an ambiguous word was known by one of the parties to a contract to be understood in one way by the other party to the contract (see *California Ins. Co. v. Blumburg*, 101 Ga. App. 587, 591-592 (2) (115 SE2d 266) (1960)), "the jury should find the fact." OCGA § 13-2-1. See also *Travelers Ins. Co. v. Blakey*, 255 Ga. 699, 700 (342 SE2d 308) (1986). Since the evidence demonstrates the existence of a genuine issue of material fact as to appellant's awareness of appellee's understanding that the ambiguous term "cash only" was employed in the narrow rather than broad sense, I would hold that the trial court erred in granting appellee's motion for summary judgment. However, the trial court properly denied appellant's motion for summary judgment.

I am authorized to state that Presiding Judge Banke joins in this opinion.

DECIDED JULY 15, 1991 —
RECONSIDERATION DENIED JULY 31, 1991 — 

*Hicks, Maloof & Campbell, Peter J. Quist, Henry F. Sewell, Jr.*, for appellant.

*Zimmerman & Associates, Barry L. Zimmerman, Keith F. Brandon, Kim G. Meyer*, for appellee.