20782. FLEETWOOD INVESTMENTS, INC. *v.* BARTOW AMERICAN LEGION HOME & MEMORIAL, INC., *et al.*

HEAD, Presiding Justice. 1. "Reformation as applied to a contract is a remedy cognizable in equity for the purpose of correcting an instrument so as to make it express the true intention of the parties, where from some cause, such as fraud, accident, or mistake, it does not express such intention. The remedy is not available for the purpose of making a new and different contract for the parties, but is confined to establishment of the actual agreement." *Deck* v. *Shields,* 195 *Ga.* 697, 701 (25 S. E. 2d 514); *Orient Insurance Co.* v. *Dunlap,* 193 *Ga.* 241 (17 S. E. 2d 703, 138 A. L. R. 916); *Prince* v. *Friedman,* 202 *Ga.* 136, 138 (42 S. E. 2d 434).

2. All of the relief prayed in the present case is predicated on the theory that the petitioner is entitled to reformation and revision of a lease contract, which has become less valuable to it because of the actions of governmental agencies in designating

a highway bordering the leased premises as a limited-access highway. In order to grant the relief sought by the petitioner, a court of equity would have to make a new contract for the parties, and this it can not do.

3. No question is made by the pleadings as to the liability of the governmental agencies for damages to the lease interest of the petitioner.

4. The trial judge properly sustained the general demurrer to the petition.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 12, 1960—DECIDED FEBRUARY 11, 1960.

*Moreton Rolleston, Jr.*, for plaintiff in error.

*J. R. Cullens, Warren Akin, Barry Phillips, Smith, Kilpatrick, Cody, Rogers & McClatchey*, contra.

Fleetwood Investments, Inc., brought a petition against Bartow American Legion Home & Memorial, Inc., and Gulf Oil Corporation. It was alleged: The petitioner and Bartow American Legion Home & Memorial, Inc., entered into a lease agreement on February 24, 1955, covering a described tract of land. On April 5, 1955, the petitioner subleased to Gulf Oil Corporation the north portion of the leased premises, and the petitioner constructed a gasoline station thereon in accordance with this lease agreement. On November 1, 1956, the State Highway Department of Georgia, under the authority granted to it by Ga. L. 1955, pp. 559-564, designated that portion of U. S. Highway 41 forming the eastern boundary of the premises leased to the petitioner by Bartow American Legion Home & Memorial, Inc., as a limited-access highway. On July 14, 1958, the City of Cartersville adopted a zoning ordinance which prohibited access to Highway 41. The portion of the leased property which the petitioner has not subleased is bounded by other property of Bartow American Legion Home & Memorial, Inc., by the property subleased to Gulf Oil Corporation, and by the limited-access highway, and the petitioner has no means of ingress to and egress from the leased property except that portion subleased to Gulf Oil Corporation, and the consideration for a substantial portion

of the leased property has therefore failed. The portion of the property subleased to Gulf Oil Corporation also has a frontage on a side street known as Moon Street, and Gulf Oil Corporation continues to operate a filling station thereon. The petitioner desires to pay a fair rental for that portion of the leased premises which it has subleased to Gulf Oil Corporation, but seeks a reformation of the lease contract between it and Bartow American Legion Home & Memorial, Inc., so that it will not be required to pay rent for the portion of the property to which it has no access. Based on the frontage on U. S. Highway 41 of the two portions of the leased property, a fair monthly rental for that portion subleased to Gulf Oil Corporation would be 20% of the total monthly rental stipulated in the original lease agreement between the petitioner and Bartow American Legion Home & Memorial, Inc. The petitioner paid the entire rental stipulated by the lease agreement until June 24, 1958, but has paid no rents since that date, because it has overpaid the amount due by the sum of $2,080, based on a revision to 20% of the monthly rental stipulated by the lease since the date the highway was designated as a limited-access highway. Bartow American Legion Home & Memorial, Inc., has given the petitioner written notice of its intention to cancel the lease contract between the parties. Gulf Oil Corporation has notified the petitioner that it withheld the rents due on December 1, 1958, and January 1, 1959, because of the receipt of notice from Bartow American Legion Home & Memorial, Inc., that the petitioner had made no rent payments since July, 1958; and that it will pay no rent to the petitioner until the controversy between the petitioner and Bartow American Legion Home & Memorial, Inc., has been settled, and will avail itself of the privilege in its lease contract of cancellation because of the failure of the petitioner to pay rent to Bartow American Legion Home & Memorial, Inc.

The petitioner prayed that it recover from Bartow American Legion Home & Memorial, Inc., $2,080; that both defendants be enjoined from canceling their leases; that the lease agreement between the petitioner and Bartow American Legion Home & Memorial, Inc., be revised and reformed by the court in a just and equitable manner so that the petitioner shall not be required

to pay monthly rent for the portion of the premises to which it has no access, and that the monthly rent for the subleased portion of the premises be determined by the court; and for other and further relief.

The renewed general demurrer of Bartow American Legion Home & Memorial, Inc., to the petition as finally amended was sustained and the petition dismissed. The exception is to that judgment.