### 33336, 33337. HENRY v. THOMAS et al.; and vice versa.

JORDAN, Justice.

In March, 1974, appellant Clifford D. Henry purchased a 57-acre tract of land bordering on the Carter Dam Lake project from the appellees or their assignors. This litigation arises from a complaint filed by Henry against the sellers of this property seeking to set aside the sale or in the alternative to reform the purchase price of the sales contract.

Appellant alleged that subsequent to the consummation of the transaction between appellant and appellees, the United States Corps of Engineers altered the access to the property which he had purchased. This alteration occurred when the Corps of Engineers erected a barricade across a dirt road adjacent to a public parking lot on property owned by the Corps of Engineers approximately one and one-half miles west of the

appellant's property. Appellant contends that this action blocked the western entrance into the purchased property and resulted in a reduction in the fair market value of the property from the $4,000 per acre which he had contracted to pay down to a current fair market value of only $1,000 per acre. His complaint alleged in three counts that the parties to the sales contract were laboring under a mutual mistake as to the road's continued existence, entitling appellant to reformation, or a mistake, on appellant's part, entitling him to rescind.

During the presentation of his case, appellant testified that he retained access to the purchased property from the eastern end of the road in question and that while he had discovered this alteration in the access to his property during the summer of 1974, he made no request to rescind, modify or otherwise alter the transaction between the parties. Appellant retained possession of the property, and in March, 1975, made a principal and interest payment on the note he had executed to the appellees. In March, 1976, he made an interest-only payment. Appellant testified that all documents relating to this transaction were prepared by his legal counsel and contained his instructions relative to the transaction.

On cross examination appellant further conceded that there was no reliance on any statements made to him by appellees nor did the appellees misrepresent any of the facts relevant to this transaction.

At the close of plaintiff's evidence, defendants made motions for a directed verdict on each count of plaintiff's complaint, which were granted. Plaintiff appeals. We affirm.

1. Appellant's only enumeration of error is that the trial court erred in directing a verdict for defendants. The trial court correctly relied in its ruling on the analogous case of *Fleetwood Investments v. Bartow American Legion Home &c.*, 215 Ga. 720 (2) (113 SE2d 123) (1960). In that case this court held that "the relief prayed in the present case is predicated on the theory that the petitioner is entitled to reformation and revision of a lease contract, which has become less valuable to it because of the actions of governmental agencies in designating a highway bordering the leased premises as a limited-access

highway. In order to grant the relief sought by the petitioner, a court of equity would have to make a new contract for the parties, and this it cannot do."

The action which appellant claims subsequently reduced the value of his purchased property occurred approximately one and one-half miles from appellant's property on land owned by the Corps of Engineers. Appellees could not guarantee what future action the Corps of Engineers might take with respect to property which it owned nor did the contract between the parties purport to make any such representation.

Appellant cites at length the case of *Callan Court Co. v. C & S Nat. Bank,* 184 Ga. 87 (190 SE 831) (1937), as authority for reversal of the trial court's directed verdict in favor of appellees. However, appellant misplaces his reliance on that case which states the principle regarding equitable relief for future events. This principle precludes the relief which he seeks in this case. "The authorities are numerous that mistake of a past or present fact may warrant equitable relief, but a mistake in opinion or mental conclusion as to an uncertain future event is not ground for relief." *Callan Court Co.,* supra, p. 130.

The action of which appellant complains was simply an uncertain future event which neither party to the contract could control or foresee, and does not entitle appellant to equitable relief.

2. In case number 33337, appellees cross appeal alleging that the trial court erred in denying their motion to dismiss the appeal of the plaintiff on the grounds that the trial transcript was not filed until after the expiration of an order extending the time in which said transcript could be filed. Our action on the main appeal moots defendants' cross appeal.

*Judgment affirmed on the main appeal. Cross appeal dismissed. All the Justices concur.*

Submitted February 24, 1978 — Decided May 17, 1978 — Rehearing denied June 8, 1978 in case no. 33336.

*Gilbert & Blum, Fred A. Gilbert,* for appellant.
*Kinney, Kemp, Pickell, Avrett & Sponcler, Henry C.*

*Tharpe, Jr., Murphy, Witcher & Murphy, Jack F. Witcher,*
for appellees.