PRYOR *v.* CURETON *et al.*

No. 12565.  October 13, 1938.

*J. M. C. Townsend* and *Mitchell & Mitchell,* for plaintiff.
*F. M. Gleason,* for defendants.

GRICE, Justice.  Suit was filed by Jack Pryor and J. B. Sullivan against W. B. Cureton and Mrs. Carrie Cureton, and the following state of facts was alleged: Pryor was the owner of certain real property in Dade County, particularly described, but designated for convenient reference as tract A. Sullivan and W. B. Cureton held outstanding security deeds against tract A, the deed of Sullivan being superior. Before February 14, 1938, W. B. Cureton had been the sole owner of a tract of land in Dade County, particularly described in the petition, but designated for convenient reference as tract B. On February 18, 1934, W. B. Cureton entered with Pryor into an agreement by the terms of which Pryor was to obtain from Sullivan a cancellation of record of the deed held by Sullivan on the parcel designated as tract A. In consideration of the foregoing, W. B. Cureton was to surrender, mark paid and cancel the security deed which he held to tract A, and was to make to Pryor a deed to the land referred to as tract B, whereupon Pryor was then to make to Sullivan a security deed to tract B to replace the deed which Sullivan was canceling on tract A. In performance of this agreement, Pryor procured from Sullivan a cancellation of Sullivan's deed to tract A, it being the understanding between Pryor, Cureton, and Sullivan that Cureton was to make to Pryor a deed to tract B, and Pryor was then in turn to make a security deed to Sullivan to tract B to take the place

of Sullivan's security deed on tract A. Notwithstanding the cancellation of the Sullivan security deed, W. B. Cureton fails and refuses to convey to Pryor tract B. Before the agreement forming the basis of the suit, Cureton (who it is alleged never intended to carry out the same) conveyed to his wife, Carrie Cureton, a half interest in tract B. This deed was not recorded until February 18, 1938, after the date of the oral agreement. The prayers were, that W. B. Cureton be enjoined from enforcing the lien he holds against tract A; that the cancellation given by Sullivan in respect to his security deed on tract A be expunged from the record; and for decree of specific performance of the contract of Cureton to make title to Jack Pryor for tract B, and to surrender Cureton's lien on tract A.

Demurrers were filed by the defendants. Before they were disposed of, Sullivan withdrew as a plaintiff and dismissed the action so far as his interest was concerned, but without prejudice to the rights of Jack Pryor. A ground of demurrer relied on the statute of frauds. The demurrers were sustained and the action dismissed. Pryor excepted.

The alleged agreement forming the basis of this suit is embraced within the provision of our statute of frauds, for it is covered by the words "any contract for sale of lands, or any interest in or concerning them." Code, § 20-401. It is likewise true, in so far as the prayer for specific performance is concerned, that the suit is controlled by the negative pregnants contained in the Code, § 37-802, as follows: "Parol contract as to land. The specific performance of a parol contract as to land shall be decreed, if the defendant admits the contract, or if it be so far executed by the party seeking relief, and at the instance or by the inducements of the other party, that if the contract shall be abandoned he can not be restored to his former position. Full payment alone accepted by the vendor, or partial payment accompanied with possession, or possession alone with valuable improvements, if clearly proved in each case to be done with reference to the parol contract, shall be sufficient part performance to justify a decree." Our specific references are to the clause reading "or if it be so far executed by the party seeking relief," and to the one reading "that if the contract shall be abandoned he can not be restored to his former position." The meaning here is that specific performance of a

parol contract as to land shall be decreed if it be so far executed by the party seeking relief that if the contract shall be abandoned *he* can not be restored to his former position. Fairly construed, the petition alleges that the cancellation of Sullivan's security deed, which act is relied on as such part performance to take the oral agreement *out* of the statute of frauds, was brought about by reason of the understanding of Pryor, Cureton, and Sullivan. Therefore Sullivan was a party to the alleged contract, and the only party of whom it can possibly be said "that if the contract shall be abandoned he can not be restored to his former position." Sullivan, though originally appearing as a party plaintiff, had the suit voluntarily dimissed so far as he was concerned. The remaining plaintiff, Pryor, can not obtain any relief by virtue of the Code, § 37-802. And there is another reason why he is not entitled to specific performance: No attack is made on the bona fides of the conveyance from W. B. Cureton to Mrs. Carrie Cureton; it is not alleged that she was a party to the agreement it is sought to enforce, and no relief is prayed as to her. Title to a half undivided interest in tract B being in her, specific performance of the alleged contract is impossible. The judge properly sustained the demurrers to the petition as amended, and dismissed the action.

*Judgment affirmed. All the Justices concur.*