## DECK *et al. v.* SHIELDS.

No. 14445. APRIL 14, 1943.

*Maddox & Griffin,* for plaintiffs.   *Shaw & Shaw,* for defendant.

BELL, Presiding Justice.   The plaintiffs sued as remaindermen to recover undivided interests in land, after death of the life-tenant.   They relied on a deed which unquestionably vested in them the remainder interests as alleged; but the defendant answered and contended that the deed had been reformed by an equitable decree so as to vest the fee-simple title in the person originally named as life-tenant, from whom he purchased.   The court admitted the decree in evidence over objection, and on the entire evidence directed a verdict in favor of the defendant.   The plaintiffs' motion for a new trial was overruled, and they excepted.

The case turns upon validity or invalidity of the so-called decree of reformation.   The plaintiffs contend, among other things, that this decree is void for the reason that there were no allegations of fact to support it; and this contention, we think, is well founded.

Reformation as applied to a contract is a remedy cognizable in equity for the purpose of correcting an instrument so as to make it express the true intention of the parties, where from some cause, such as fraud, accident, or mistake, it does not express such inten-

tion. The remedy is not available for the purpose of making a new and different contract for the parties, but is confined to establishment of the actual agreement. Code, §§ 37-202, 37-207, 37-208, 37-215. Such is the law at the present time, and it was the same at the time the decree here in question was rendered. Code of 1882, §§ 3114, 3117, 3124; *Ligon* v. *Rogers, 12 Ga.* 281; *Wyche* v. *Greene,* 16 *Ga.* 49; *Marshall* v. *Drawhorn, 27 Ga.* 275; *Stricker* v. *Tinkham,* 35 *Ga.* 176 (5) (89 Am. D. 280).

The petition on which the decree was based showed upon its face that the deed was made precisely as the parties intended, conveying a life-estate to Alice A. Deck, with remainder to her children; and there was no hint of fraud, accident, or mistake affecting its execution. Nor did the allegations themselves disclose any design to seek the relief of reformation. The petition not only failed to state a cause of action to reform the deed in question, but showed affirmatively that no such cause of action existed.

"When a judgment has been rendered, either party may move in arrest thereof, or to set it aside for any defect not amendable which appears on the face of the record or pleadings." Code, § 110-702. "If the pleadings are so defective that no legal judgment can be rendered thereon, the judgment will be arrested or set aside." § 110-704. "A judgment may not be arrested or set aside for any defect in the pleadings or record that is aided by verdict or amendable as matter of form." § 110-705. "A void judgment may be attacked in any court and by any person. In all other cases judgments may not be impeached collaterally, but must be set aside by the court rendering them." § 110-701. "The judgment of a court having no jurisdiction of the person or subject-matter, or void for any other cause, is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties to consider it." § 110-709. In view of these principles, it has been said that one of the tests in determining whether a judgment is absolutely void and subject to collateral attack is "whether, if the party attacking it had been a party thereto, a motion in arrest would have been sustained for defects appearing in the face of the pleadings, which could not have been aided by amendment or cured by verdict." *Freeman* v. *Bank of LaFayette,* 20 *Ga. App.* 334, 338 (93 S. E. 34).

"All parties, whether plaintiffs or defendants, in the superior

or other courts, whether at law or in equity, may at any stage of the cause, as matter of right, amend their pleadings in all respects, whether in matter of form or of substance, provided there is enough in the pleadings to amend by." Code, § 81-1301. "A petition showing a plaintiff and a defendant, and setting out sufficient to indicate and specify some particular fact or transaction as a cause of action, shall be enough to amend by. The jurisdiction of the court may be shown and the details and circumstances of the particular transaction may be amplified and varied by amendment. If the declaration shall fail to allege facts essential to raise the duty or obligation involved in the cause of action which was evidently originally intended to be declared upon, the omitted fact may be supplied by amendment." § 81-1302. This latter section was codified mainly from the decision in *Ellison* v. *Georgia Railroad &c. Co.,* 87 *Ga.* 691 (13 S. E. 809). In the opinion in that case it was said: "The declaration must show what the design of the pleader was, and that his design was such that, if filled out and completed, a cause of action might appear. . . There must be some trace of a particular cause of action in the declaration, in order that it may contain enough to amend by. And as the original cause must be adhered to, and no other substituted in its place, the trace furnished must be sufficiently plain and distinct to identify the particular cause of action to which the declaration points or refers. If it points to no one cause more than to any other, it will be too indefinite, and should be treated as nothing better than a blank." Whether the petition here under consideration might have been so amended as to make it a good application for sale of real estate of minors for reinvestment, the judgment as rendered was not one granting such relief, and therefore we are not concerned with any theory as to sale for reinvestment. The petition must be considered with reference to the relief that was granted thereon, namely, reformation; and clearly it did not contain enough to amend by, as related to such relief. This being true, the decree was void, and the deed creating the remainder interest remained in force. *Williams* v. *Hollis,* 19 *Ga.* 313 (3); *Stanford* v. *Bradford,* 45 *Ga.* 97; *Wilson* v. *Stricker,* 66 *Ga.* 575 (2, 4); *Sanner* v. *Sayne,* 78 *Ga.* 467 (2) (3 S. E. 651); *Harrell* v. *Parker,* 186 *Ga.* 760 (2), 767 (198 S. E. 776); *Rollins* v. *Personal Finance Co.,* 49 *Ga. App.* 365, 366 (2) (175 S. E. 609).

The decision in *Ethridge* v. *Pitts,* 152 *Ga.* 1 (108 S. E. 543), as to jurisdiction of a superior court to authorize guardians to sell lands, is inapplicable. As noted above, the decree here involved was not an order to sell the land. While the allegations themselves might have indicated that a sale of the remainder estate for the benefit of the remaindermen would be proposed, yet when we reach the prayers, we find that they asked only for the making of parties and for reformation; and no other relief was granted. Nor was the decree aided by the fact that the guardians ad litem for the remaindermen that were then in life accepted their appointments and agreed that the deed should be reformed as prayed. Neither the court nor the guardians ad litem had authority thus to do away with the remainder estate, under the guise of reformation, and without any consideration or benefit to the remaindermen. All of the remaindermen that were in esse at that time were minors, and no question as to consent by competent parties is involved.

The decree of reformation being void, the evidence demanded a verdict in favor of the plaintiffs; and their motion for a new trial after verdict for the defendant should have been sustained on the grounds taken. In this view, it is unnecessary to deal with or even to state the other questions that were presented.

*Judgment reversed. All the Justices concur.*