23553. JOLLES v. HOLIDAY BUILDERS, INC. et al.

ARGUED JUNE 14, 1966—DECIDED JULY 7, 1966.

*Jack T. Griffith,* for appellant.

*Wallace E. Harrell, Bennett, Gilbert, Gilbert & Whittle,* for appellees.

Cook, Justice. The petitioner seeks specific performance on the basis of a written contract executed by Holiday Builders, Inc., by James L. Wiggins, President, and it is asserted that it

was Holiday Builders, Inc., that agreed to sell the described property to the petitioner. The petition alleges that the record title to the property is not in Holiday Builders, Inc., but in James L. Wiggins, individually. It is prayed that James L. Wiggins, acting either for himself or by and through Holiday Builders, Inc., be directed to execute and deliver to the petitioner a deed conveying title to him in accordance with the contract.

A court of equity can not decree the specific performance of a contract wherein the purported vendor agrees to sell land which belongs to another. *Pryor v. Cureton*, 186 Ga. 892, 894 (199 SE 175); *Harris v. Porter's Social Club, Inc.*, 215 Ga. 687 (3) (113 SE2d 134); *Morgan v. Maddox*, 216 Ga. 816 (120 SE2d 183). Holiday Builders, Inc., could not be required to specifically perform the contract, because, under the allegations of the petition, this corporation does not hold title to the land described in the contract.

James L. Wiggins can not be required to specifically perform a contract made by a corporation of which he is president, even though, in his capacity as an officer of the corporation, he signed the contract. In law, he and the corporation are entirely separate and distinct entities. *Waycross Air-Line R. Co. v. Offerman & Western R. Co.*, 109 Ga. 827, 828 (35 SE 275); *Shingler v. Shingler*, 184 Ga. 671, 672 (3) (192 SE 824); *Independent Gasoline Co. v. Bureau of Unemployment Compensation*, 190 Ga. 613, 614 (10 SE2d 58). There is no allegation that the title to the property was conveyed to Wiggins after the contract was executed by the corporation, and there are no allegations of fraud or collusion.

Since the petition shows that neither of the defendants can be required to specifically perform the contract sought to be enforced, the trial judge properly granted the oral motion to dismiss the petition. It is unnecessary to discuss other deficiencies of the petition as an action for specific performance.

*Judgment affirmed. All the Justices concur.*