**Anderson TAYLOR, Plaintiff,**

v.

**HARTFORD CASUALTY INSURANCE COMPANY, Defendant.**

Civ. A. No. CV582–17.

United States District Court,
S. D. Georgia,
Waycross Division.

Aug. 3, 1982.

Curtis Farrar and Joseph J. Hennesy, Jr., Douglas, Ga., for plaintiff.

N. Forrest Montet, Atlanta, Ga., for defendant.

James E. Butler, Jr., Columbus, Ga., for Georgia Trial Lawyers Ass'n, amicus curiae.

## ORDER

BOWEN, District Judge.

This is a diversity action brought by Anderson Taylor, an additional insured under a policy of insurance (# 20 PH 793714) which was issued to his wife by the defendant, a nonresident corporation.

## I. BACKGROUND

In 1974 the Georgia Legislature passed the Georgia Motor Vehicle Reparations Act, Ga.Code Ann. § 56–3401b *et seq.* This action turns on the construction of a section of that Act, Ga.Code Ann. § 56–3404b. That section of the Act provides in pertinent part:

(a) Each insurer shall also make available on an optional basis the following coverage:

(1) an aggregate limit of benefits payable without regard to fault up to $50,000.00 per person which may be rejected, or reduced to not less than an aggregate limit of benefits payable without regard to fault of $5,000.00 per person, by written consent of the policy holder....

\* \* \* \* \* \*

(b) Each application for a policy of motor vehicle liability insurance sold in this State must contain separate spaces for the insured to indicate his acceptance or rejection of each of the optional coverages listed in subsection (a) above and no such policy shall be issued in this State unless these spaces are completed and signed by the prospective insured.

(c) On and after the effective date of this Amendment, all named insureds in existing motor vehicle liability policies who have not previously responded to an offer to accept or reject the optional coverages required to be offered by this Chapter shall be given an opportunity to accept or reject, in writing, the optional coverages required to be offered under this section: Provided, however, that the failure of an insured to notify his insurer of his written acceptance or rejection within 30 days after written notice of the offer has been mailed by the insurer, postage prepaid, by first class mail to the address stated in the policy, shall constitute rejection of the optional coverage.

These provisions of the Georgia Motor Vehicle Accident Reparations Act became effective on or before March 1, 1975.

In December of 1976 plaintiff's wife, Mrs. Ellen Taylor, applied to Hartford Casualty Insurance Company for no-fault automobile insurance. The relevant portion of her application is attached as an exhibit to plaintiff's First Request For Admissions. That exhibit indicates that the defendant failed to comply with Ga.Code Ann. § 56–3404b(b) which states that "[e]ach application ... *must contain separate spaces* for the insured to indicate his acceptance or rejection of each of the optional coverages listed in subsection (a) above and no such policy shall be issued in this State unless these spaces are completed and signed by the prospective insured." (emphasis supplied). The plaintiff and his wife signed the application only once in the single space provided at the bottom of the application. Following an accident on May 18, 1979, which resulted in injuries to the plaintiff, plaintiff's wife tendered to the defendant the total additional premium that would have been required to obtain the maximum optional personal injury protection benefits under the policy in question from its inception. This tender was explicitly made for the purpose of accepting a continuing offer of optional benefits which the plaintiff asserts was created by Ga.Code Ann. § 56–3404b as explicated in *Jones v. State Farm*, 156 Ga.App. 230, 274 S.E.2d 623 (1980). Plaintiff subsequently brought suit in this Court alleging that the defendant in bad faith has failed

and refused to pay the amounts owing under the optional personal injury benefits which were accepted by his wife following his accident. The defendant has moved for summary judgment on the sole ground that the rationale of the *Jones* decision cannot be applied retroactively to accidents such as the plaintiff's that occurred prior to the effective date of that decision.

## II. THE POSTURE OF THE PRESENT CASE

At the outset, the limited scope of this Court's inquiry must be recognized. This Court is not free to disregard the Georgia Court of Appeals holding in *Jones, see West v. A T & T Company*, 311 U.S. 223, 61 S.Ct. 179, 85 L.Ed. 139 (1940), and those issues that were clearly settled in *Jones* will not be relitigated before this Court. Given the *Jones* decision, there appears to be no question in this case that the defendant failed to comply with the express requirements of Ga.Code Ann. § 56–3404b. The defendant has admitted that the document labeled "Exhibit A", which is attached to plaintiff's First Request for Admissions, is a true and correct copy of the application for automobile insurance signed by plaintiff and his wife, Ellen Taylor, on or about December 6, 1976. It is apparent that this application fails to comply with the separate signature requirement of Ga.Code Ann. § 56–3404b(b) and the defendant has made no allegation that either the plaintiff or his wife was given an additional opportunity to accept or reject optional coverage in compliance with Ga.Code Ann. § 56–3404b(c). The issue in this case, therefore, centers on the effect of such noncompliance.

The issue of noncompliance is addressed in the explicit language of Ga.Code Ann. § 56–3404b(c):

> On and after the effective date of this Amendment, all named insureds in existing motor vehicle liability policies who have not previously responded to an offer to accept or reject the optional coverages required to be offered by this chapter *shall be given an opportunity* to accept or reject, in writing, the optional coverages required to be offered under this section. . . . (emphasis supplied).

The *Jones* court in applying this statutory language to the facts before it reasonably concluded that

> [t]his statute contemplates that insureds who have not had an opportunity to accept or reject the optional no-fault coverage required to be offered under Ga.Code Ann. § 56–3404b(a) are deemed to have been given a "continuing" offer of such coverage from the date of the issuance of the liability policy until 30 days after being given the opportunity in writing to accept or reject the coverage.

156 Ga.App. at 234, 274 S.E.2d 623. It is this continuing offer that plaintiff accepted in this case; in light of the clear language of the *Jones* decision, this Court will not relitigate the issue of the existence of such a continuing offer.

Having accepted the statutorily created continuing offer, the plaintiff in this case finds himself in an entirely different procedural posture than the insured in *Jones.* In *Jones* the court noted that the granting of the insureds motion for summary judgment would have served as a judgment "reforming Jones' insurance contract with State Farm so as to retroactively provide Jones with optional no-fault coverages thereby making State Farm liable to Jones for benefits payable under these coverages." 156 Ga.App. at 233, 274 S.E.2d 623. Since the insured in *Jones* had not accepted the continuing offer or tendered the necessary premium(s) but had merely sought recovery of sums available under the optional no-fault personal injury coverages which were not included in his policy, the court found there was no contract for optional no-fault coverage to reform. Summary judgment in Jones' favor was therefore denied. The court of appeals implied, however, that reformation would be the proper remedy once the offer for optional no-fault coverage was accepted. Specifically, the court noted that " '[r]eformation as applied to a contract is a remedy cognizable in equity for the purpose of correcting an instrument so as to make it express the true intention of the parties,

where from some cause, such as fraud, accident, or mistake, it does not express such intention.'" 156 Ga.App. at 234, 274 S.E.2d 623. (quoting *Deck v. Shields*, 195 Ga. 697, 701–02, 25 S.E.2d 514 (1943)). Since the plaintiff in this case has accepted the continuing offer for optional personal injury protection coverage, the issue of reformation is properly before this Court.

## III. REFORMATION TO PROVIDE FOR RETROACTIVE BENEFITS

Ga.Code Ann. § 56–3404b(a)(1) requires insurers to provide $50,000.00 per person in aggregate no-fault benefits except when the insured rejects this optional coverage or elects to reduce the maximum coverage to an aggregate limit of benefits amounting to less than $50,000.00 but not less than $5,000.00 per person. As the court noted in *Jones*:

> [t]he legislative intent underlying the enactment of Code Ann. § 56–3404b is clear. The language of the statute is phrased in unequivocal terms: "Each insurer *shall* also make available . . . the following coverage;" "Each application . . . *must contain separate spaces* for the insured to indicate his acceptance or rejection of each of the optional coverages listed in subsection (a) above." (Emphasis supplied). This mandatory language leaves no doubt that the General Assembly placed strong significance upon compelling insurers to offer no-fault coverages over and above the minimum basic coverage. The language used in Code Ann. § 56–3404b further enunciates the clear legislative mandate that insurers offer optional coverages to applicants for no-fault insurance *and* that an applicant's waiver of his privilege to obtain coverages be made knowingly *and in writing*.

156 Ga.App. at 232, 274 S.E.2d 623. The only way that an insured can exercise his right to waive the optional coverages required to be offered under Ga.Code Ann. § 56–3404b is for the insurer to fulfill its duty to inform him of the available optional coverages in the manner prescribed by law. To say that such additional coverage is waived whenever an insurer chooses to disobey the explicit requirements of the statute is to destroy the efficacy of the statute. In order to give the statute effect, i.e., in order to give insureds a meaningful right to waive their privilege of obtaining optional coverages knowingly and in writing, it is necessary for a court of equity to reform the contract for optional personal injury protection coverage, once it comes into being, to take effect as a matter of law as of the time of the formation of the original insurance contract that did not provide for optional coverage. By accepting the continuing offer created by the statute and tendering the premium for optional benefits, the insured simply ratifies the implied intent of the parties that existed as a function of the provisions of Ga.Code Ann. § 56–3404b at the time the original insurance contract was formed. As Judge Murphy noted in his order in *State Farm Mutual Automobile Insurance Company v. Bates*, No. C81–281R, slip op. at 30 (N.D.Ga. June 30, 1982), "[t]his is not a 'penalty' but merely the legislatively-prescribed method of fulfilling the laws purpose and obligations." Any "penalty" which is suffered by an insurer is a direct result of its failure to comply with the clear provisions of the statute requiring that insurers offer specific optional coverages and that the rejection or reduction of such coverages "be made knowing *and in writing*." 156 Ga.App. at 232, 274 S.E.2d 623. I conclude that reformation of the contract for optional coverage that is created by acceptance of the continuing offer created by Ga.Code Ann. § 56–3404b is entirely proper and that the effect of such reformation is to make the optional benefits effective as of the time of the formation of the original insurance contract that did not contain such benefits due to the fault of the insurer. This result is mandated by the *Jones* decision and by the statute itself.

## IV. RETROACTIVITY

Having decided that reformation of a contract formed by accepting the continuing offer created by Ga.Code Ann. § 56–3404b is appropriate and that such reforma-

tion entitles an insured to retroactive benefits, it is necessary to determine whether this result should be applied retroactively to claims for optional benefits arising from accidents occurring prior to the effective date of the *Jones* decision.[1] If the result mandated by *Jones* does not apply retroactively, the defendant in this action is entitled to summary judgment.

In diversity cases, the retroactivity of a state judicial pronouncement is, of course, a question of state law. *United States v. Estate of Donnelly*, 397 U.S. 286, 297 n.*, 90 S.Ct. 1033, 1039 n.*, 25 L.Ed.2d 312 (1970) (Harlan, J., concurring). A review of Georgia law indicates that the test set forth in *Chevron Oil Company v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), most likely would be applied by the Georgia courts in determining whether or not the result mandated in *Jones* should be applied retroactively in this case. In *Chevron*, the Supreme Court considered three factors in determining whether a decision should be applied retroactively.

First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution is not clearly foreshadowed. Second, it has been stressed that "we must ... weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." Finally, we have weighed the inequity imposed by retroactive application for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity." (citations omitted).

404 U.S. at 106–07, 92 S.Ct. at 355–356.

Since this case does not deal with any overruling of clear past precedent,[2] the only facet of the first *Chevron* factor which must be considered here is whether the *Jones* case constitutes a "decision of first impression whose resolution [was] not clearly foreshadowed." 404 U.S. at 106, 92 S.Ct. at 355. In arguing that the *Chevron* test requires that the result mandated in *Jones* be applied prospectively only, the defendant

---

1. I do not face the retroactivity issue raised by the defendant's motion in a vacuum. Two district judges have previously addressed this issue at length. In *State Farm Fire & Casualty Company v. Sweat, No. C81–2056*, (N.D.Ga. Mar. 11, 1982), United States District Judge Orinda D. Evans found that the Georgia Court of Appeals interpretation of Ga.Code Ann. § 56–3404b(c) in *Jones* constituted a "continuing offer penalty" and concluded that under the facts of *Sweat* the Georgia courts would give the Georgia Court of Appeals ruling perspective application only. Subsequently, Judge Harold L. Murphy parted company with Judge Evans' analysis and found in *State Farm Mutual Automobile Insurance Company v. Bates, No. C81–281R*, (N.D.Ga. June 30, 1982), that retroactive application of the *Jones* decision to claims for optional personal injury protection benefits arising out of accidents prior to the *Jones* decision was entirely appropriate. Although this Court is not bound by either of these decisions, see *Mueller v. Allen*, 514 F.Supp. 998, 1000–01 (D.Minn.1981); *Starbuck v. City & County of San Francisco*, 556 F.2d 450, 457 n.13 (9th Cir. 1977), reference will be made to these decisions when appropriate in an effort to avoid rehashing issues which need no further elaboration.

2. The defendant has made some argument that the first prong of the *Chevron* test is satisfied since the *Jones* decision overruled "clear past precedent." 404 U.S. at 106, 92 S.Ct. at 355. Both Judge Evans in her *Sweat* opinion and Judge Murphy in his *Bates* opinion rejected such a conclusion. The cases cited by the defendant in support of its argument are inapposite. None of those cases dealt with a statute like Ga.Code Ann. § 56–3404b which requires that certain coverages be made available on a continuing basis. The cases cited by the defendant are simply not relevant past precedent. In this regard, it should be noted that the cases cited by the plaintiff and by the Georgia Trial Lawyers Association in its *Amicus Curiae* briefs indicate that the weight of relevant authority supports the result reached in this order. The fact that other jurisdictions which have reviewed statutes similar to the one examined in this order have found it appropriate to provide insureds with retroactive benefits also undermines the defendant's argument that the result mandated by *Jones* was not foreseeable.

in this case relies largely upon Judge Orinda Evans' decision in *State Farm Fire and Casualty Company v. Sweat*, No. C81–2056 (N.D.Ga. Mar. 11, 1982). In *Sweat*, Judge Evans rejected State Farm's assertion that the separate signature requirement of Ga. Code Ann. § 56–3404b(b) was not clearly foreshadowed but held that the "continuing offer penalty" created by Ga.Code Ann. § 56–3404b(c) was not foreseeable. As noted earlier, I do not view the continuing offer created by subsection (c) of § 3404b or the availability of post-risk benefits as creating a "penalty." I concur with Judge Murphy's statement in his *Bates* opinion that, "*Jones* did not create this remedy; it only applied the facts of the case. While that opinion's use of the term 'continuing offer' to describe the remedy for not complying with § 56–3404b(b) did not mirror the exact statutory language, its previous discussion of subsection (c) described the same remedy." No. C81–281R, slip op. at 31. The right of insureds to accept or reject optional personal injury protection coverages is a function of the statute and not merely a creation of the *Jones* decision. The result reached in *Jones* was clearly foreshadowed by the statute.

Under the second prong of the *Chevron* test this Court "must . . . weigh the merits and demerits . . . by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." 404 U.S. at 106–07, 92 S.Ct. at 355–356. As noted by the court in *Jones*, the mandatory language of Ga.Code Ann. § 56–3404b

> leaves no doubt that the General Assembly placed strong significance upon compelling insurers to offer no-fault coverages over and above the minimum basic coverage. The language used in Code Ann. § 56–3404b further enunciates the clear legislative mandate that insurers offer optional coverage to applicants for

no-fault insurance *and* that an applicant's waiver of his privilege to obtain optional coverages be made knowingly *and in writing*.

156 Ga.App. at 232, 274 S.E.2d 623. The purpose and effect of Ga.Code Ann. § 56–3404b cannot be satisfied by sanctioning the defendant's noncompliance with the express provisions of the statute. Failure to apply the *Jones* decision retroactively would retard seriously the effectuation of the policies underlying the no-fault statute.

Finally, under the *Chevron* test, this Court must weigh "the inequity imposed by retroactive application. . . ." 404 U.S. at 107, 92 S.Ct. at 356. I agree with the analysis of this aspect of the *Chevron* test contained in Judge Murphy's *Bates* opinion. "This case does not involve an action which was mandated by the law, was adhered to in letter and spirit, but later was found invalid. This case concerns [the defendant's] failure to follow the terms of a statutorily imposed duty." *Bates*, No. C81–281R, slip op. at 35. Any hardship which the defendant must bear in this case is a direct result of its failure to conform its actions to the clear requirements of Ga.Code Ann. § 56–3404b. I conclude that a Georgia court considering the issue of retroactivity would not find that substantial inequity would result to the defendant by applying the result mandated by the statute and by the decision in *Jones* to the plaintiff's claim for optional benefits which arises from an accident which occurred prior to the effective date of the *Jones* decision.

## V. CONCLUSION

Since none of the factors described in *Chevron* mitigate against retroactive application of the result mandated in the *Jones* decision, such application is entirely appropriate in this case.[3] Accordingly, de-

---

3. Although the defendant has not based its motion for summary judgment explicitly on any alleged constitutional barriers to retroactive application of the *Jones* decision, the defendant has raised various constitutional arguments in its answer and in its response to the *Amicus Curiae* brief of the Georgia Trial Lawyers Association. To the extent that the defendant seeks to suggest that summary judgment is appropriate in this matter because retroactive application of the result mandated in *Jones* unconstitutionally would impair the obligation of contracts, the suggestion must be viewed as being without merit. The defendant's obligations are

fendant's motion for summary judgment is hereby denied.

a function of Ga.Code Ann. § 56–3404b, not the *Jones* decision. The statute was in full effect when plaintiff's wife applied to the defendant for insurance in December of 1976.