## 45436. CHASTAIN v. SCHOMBURG.
(367 SE2d 230)

CLARKE, Presiding Justice.

In 1975 Appellee Schomburg ("Seller") conveyed by deed of gift a four-tenths undivided interest in 25 acres of land to his four children. In November, 1986, Seller signed a sales contract for the property with Appellant Chastain ("Buyer"). The record shows that Buyer left $5,000 with him. Buyer alleges that he later tendered $75,000, the balance under the contract, but that Seller refused to sell because his children did not agree to sell. The record shows that on two previous occasions Seller conducted transactions regarding the property without obtaining written authority from all of the other owners. Seller's three daughters all acknowledged that Seller and his son (their brother) had authority to handle negotiations concerning the property. Later in November Seller entered into a sales contract with St. Stephen's Church.

Buyer filed suit seeking specific performance of the contract or, alternatively, specific performance of that part of the contract which related to the 60% undivided interest of Seller or, alternatively, damages for breach of contract.

Buyer appeals the trial court's granting Seller's motions for partial summary judgment and dismissal. The court treated the motions as a motion for summary judgment and granted summary judgment on the grounds that the Seller did not own the entire 25 acres at issue and the contract was otherwise unenforceable and that Seller did not commit fraud upon the Buyer. The court also granted that part of Buyer's motion for summary judgment asking that Seller's counterclaim be dismissed. Seller does not appeal the dismissal of the counterclaim.

This case is controlled by our holding in *Johnson v. Sackett*, 256 Ga. 552 (350 SE2d 419) (1986), and the contract is enforceable to the extent of the Seller's interest. Specific performance to the extent of the Seller's interest is an appropriate remedy for a breach of a contract to sell land owned with another who is not a party to the contract. *Cf. Deal v. Dickson*, 231 Ga. 366 (202 SE2d 41) (1973); see also *Deal v. Dickson*, 232 Ga. 885 (209 SE2d 214) (1974). *Brega v. CSRA Realty Co.*, 223 Ga. 724 (157 SE2d 738) (1967) and *Jolles v. Holiday Builders, Inc.*, 222 Ga. 358 (149 SE2d 814) (1966), relied upon by Seller, hold that "[a] court of equity can not decree the specific performance of a contract wherein the purported vendor agrees to sell land which belongs to another." *Jolles v. Holiday Builders, Inc.*, supra at 360. While this is true, specific performance is available to the extent of the purported vendor's own interest in the property where he has contracted in his own name.

Seller contends that since the contract price was for the entire

tract, the court cannot reform the contract to apply to 60% of the whole. This contention is without merit. A requirement for specific performance is an unconditional tender of the contract price unless it is clear from actions of the seller that the tender will be refused. *Fraser v. Jarrett*, 153 Ga. 441 (112 SE 487) (1922). Where there has been a tender of the whole the adjustment in price for a part performance is by way of damages, not reformation of the contract. Damages for breach of contract may be awarded in conjunction with specific performance if this is necessary to make a purchaser whole. OCGA § 23-2-134; *Chatham Amusement Co. v. Perry*, 216 Ga. 445 (117 SE2d 320) (1960); *Bowles v. White*, 206 Ga. 433 (57 SE2d 547) (1950); Restatement (Second) of Contracts, § 358(3) comment a, illustration c (1981).

The trial court's grant of summary judgment to Seller and the dismissal of the complaint in regard to breach of contract was error. The contract was not unenforceable as a matter of law.

Buyer complains that there was evidence of fraud by Seller and that the court should not have granted summary judgment or dismissed the complaint as to fraud. The only evidence of fraud alleged by Buyer is that Seller stated to him that he had authority to sign the contract for the other owners of the property. There is evidence in the record that Buyer knew that Seller did not own 100% of the property when he signed the contract. While the alleged statement as to authority was an erroneous statement, it did not rise to the level of fraud. There is no allegation that Seller showed Buyer any written authority, and there is no allegation that Seller signed for the other owners. Further, Buyer never inquired of the other owners whether Seller had authority to negotiate for them. "[I]n the absence of special circumstances one must exercise ordinary diligence in making an independent verification of contractual terms and representations, failure to do which will bar an action based on fraud." *Hubert v. Beale Roofing, Inc.*, 158 Ga. App. 145, 146 (279 SE2d 336) (1981). Therefore, the trial court did not err in granting summary judgment or dismissing the fraud count of the complaint. While Buyer may be entitled to damages for breach of contract, he is not entitled to damages for fraud.

*Judgment affirmed in part, reversed in part. All the Justices concur.*

DECIDED MAY 4, 1988.

*Kenneth M. Henson, Jr.*, for appellant.
*Stephen G. Gunby*, for appellee.