## A05A2161. VIOLA E. BUFORD FAMILY LIMITED PARTNERSHIP v. BRITT et al.

(642 SE2d 383)

PHIPPS, Judge.

The Viola E. Buford Family Limited Partnership filed suit against William T. Britt, Jr., and Kenneth P. Britt, seeking specific performance of a contract for the purchase of real property. The Britts moved to dismiss the complaint, and the trial court granted their motion. The partnership claims that the trial court erred by granting the motion to dismiss and by concluding that specific performance was not an appropriate remedy. We agree with the trial court that specific performance was not an available remedy in this case, and affirm.[1]

We review a trial court's grant of a motion to dismiss under a de novo standard.[2] "A motion to dismiss may be granted only where a complaint shows with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proven in support of his claim."[3]

The following facts are alleged in the complaint. William T. Britt, Jr., Kenneth P. Britt and Robert Allen Britt owned certain real property in Wilcox County. On August 27, 2003, William Britt entered into a land purchase and sale agreement to sell the property to the partnership for $135,000. Mike Buford, on behalf of the partnership, signed the contract as the buyer and William Britt alone signed as the seller. The partnership tendered $10,000 to William Britt as earnest money. After the contract was executed, the partnership was informed that Robert Britt refused to sell his interest in the property. William Britt and/or Kenneth Britt asked for additional time to "work things out" with Robert Britt. On October 5, 2004, William Britt and/or Kenneth Britt returned a portion of the earnest money to the partnership. William Britt and Kenneth Britt retained a portion of

---

[1] We note that the Supreme Court has determined that this equity case does not fall within its jurisdiction.

[2] *Croxton v. MSC Holding, Inc.*, 227 Ga. App. 179, 180 (489 SE2d 77) (1997).

[3] Id. (citation omitted).

the earnest money and assured the partnership that they would sell the property when they "worked things out" with Robert Britt. But the Britts subsequently subdivided the property and William Britt and Kenneth Britt attempted to sell their portions of the property at auction.

Specific performance is an equitable remedy.[4] "[A] court of equity can not decree the specific performance of a contract wherein the purported vendor agrees to sell land which belongs to another."[5] However, "specific performance is available to the extent of the purported vendor's own interest in the property where he has contracted in his own name."[6] Here, the partnership seeks specific performance of a contract to purchase real property owned by all three Britt brothers, yet only one of the brothers executed the contract. Unlike the buyer in *Chastain v. Schomburg*,[7] the partnership does not seek specific performance of that part of the contract related solely to William Britt's interest in the property, but seeks specific performance of the entire land purchase and sale agreement. Although it appears from the complaint that William Britt had some authority to act on behalf of Kenneth Britt, the complaint shows clearly that Robert Britt did not authorize the sale of his interest in the property.[8] As a result, specific performance of the entire contract is not an available remedy in this case. The trial court properly granted the Britts' motion to dismiss.

*Judgment affirmed. Smith, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 22, 2007.

*John C. Cotton*, for appellant.
*Flynn & Peeler, Patrick S. Flynn*, for appellees.

---

[4] *Kirk v. First Ga. Investment Corp.*, 239 Ga. 171, 172 (236 SE2d 254) (1977).

[5] *Chastain v. Schomburg*, 258 Ga. 218 (367 SE2d 230) (1988) (punctuation omitted) (citing *Jolles v. Holiday Builders*, 222 Ga. 358, 360 (149 SE2d 814) (1966)).

[6] Id.

[7] Supra.

[8] See also *Turnipseed v. Jaje*, 267 Ga. 320, 322 (1) (477 SE2d 101) (1996) (authority of an agent to execute a contract for the sale of real estate must be in writing).