[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 11, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13663

_____

D. C. Docket No. 07-01379-CV-ODE-1

LUIGINO'S INTERNATIONAL, INC.,
a Florida corporation,

                                                                    Plaintiff-Appellant,

versus

JAMIR MILLER,

                                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 11, 2009)

Before BIRCH and BARKETT, Circuit Judges, and KORMAN,[*] District Judge.

PER CURIAM:

---

[*]Honorable Edward Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Appellant Luigino's International, Inc. ("Luigino's"), a Florida frozen food corporation, appeals the district court's order dismissing with prejudice its fraud claim against Jamir Miller ("Miller"), the Chairman and Chief Executive Officer of Miller International Foods, Inc. ("Miller International"), a Georgia frozen food company. The district court held that Luigino's fraud claim was barred under Florida's economic loss rule, which prohibits claims in tort for damages which are the same as those for breach of contract. On appeal, Luigino's argues that: (1) the district court should have applied Georgia law instead of Florida law, (2) the economic loss rule does not apply, and (3) Luigino's should be permitted to amend its complaint. We agree with the district court that Florida law governs but disagree with its ruling that the economic loss rule bars Luigino's fraud claim. Because Luigino's was not in a contractual relationship with Miller and because the fraud alleged was in the inducement and not in the performance, the economic loss rule does not apply under Florida law. Accordingly, we AFFIRM in part and VACATE and REMAND in part for further proceedings.

## I. BACKGROUND

On 26 March 2007, Luigino's signed a written lease agreement with Miller International whereby Luigino's would lease space in a large food production facility ("the plant") located in Lithonia, Georgia that was purportedly owned by

2

Miller International.  See R1-1, Exh. F at 1, 11.  Miller was not a named party to the contract but signed the agreement on behalf of the corporation, Miller International, as its Chairman and CEO.  Id. at 10.

In June 2007, Luigino's sued Miller International and Miller in the Northern District of Georgia.[1]  See R1-1.  Counts one and two of the complaint were claims for specific performance and breach of contract against Miller International only.  Id. at 11-15.  Count three was a claim for fraud against both Miller International and Miller.  Id. at 15-18.  Specifically, count three alleged that Miller International and Miller knowingly made numerous false statements of material fact regarding their intention to honor the lease agreement and Miller International's ownership of the plant.  Although both Miller and the lease agreement stated that Miller International owned the plant, the plant was in fact owned by another company controlled by Miller called JM Real Estate Holdings, LLC.  Id. at 17.  Luigino's alleged that Miller International and Miller made these false representations in order to "extort a partnership with Luigino's" and "with the express intent and purpose that Luigino's would rely upon such misrepresentations."  Id.  Luigino's claimed that its damages included in part the multiple contracts and commitments

---

[1]Luigino's previously filed suit against Miller International and Miller in the Middle District of Florida but the action was dismissed for lack of personal jurisdiction.  See Luigino's's Int'l, Inc. v. Miller Int'l Foods, Inc., No. 6:07-cv-769-Orl-31KRS, 2007 WL 1576363, at *3 (M.D. Fla. May 30, 2007).

3

that it had made with customers, suppliers, manufacturers, and distributors relating to the lease agreement.  Id. at 18.

On 4 October 2007, the district court granted Miller International and Miller's partial motion to dismiss the counts of specific performance and fraud for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6).  See R1-21.  With respect to the fraud claim, the court held that Florida's economic loss rule barred the claim and that the exception of fraudulent inducement did not apply.  Id. at 11-13.  This was because the court found that Luigino's primary claim – that Miller International and Miller lied about ownership of the plant – was directly related to Miller International's ability to lease the plant.  Id. at 12-13.  The district court concluded that Luigino's fraud allegations were so "inextricably tied to Defendant's performance under the Lease Agreement, that a claim in tort would essentially duplicate [Luigino's] claim for breach of contract."  Id. at 13.  Accordingly, the court dismissed Luigino's fraud claim against *both* Miller International and Miller.  Id.

The only remaining claim was for breach of contract against Miller International – the only putative contracting party among the defendants.  On 27 May 2008, the district court entered final judgment for Luigino's against Miller International for a total of $6,526,821, including attorneys' fees.  See R1-41 at 1-2.

Based on the court's October 2007 order, the court dismissed Luigino's claims against Jamir Miller with prejudice and ordered that Luigino's shall take nothing against Miller individually. Id. at 2.

Luigino's then filed this appeal from the district court's final judgment dismissing with prejudice the fraud claim against Miller. Miller International is not a party to this appeal.

## II. DISCUSSION

We review de novo a claim dismissed pursuant to Rule 12(b)(6) for failure to state a claim for relief. See Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006) (per curiam). In deciding whether a complaint survives a motion to dismiss, the court must assume that "all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct. 1955, 1965 (2007). Although the complaint does not need detailed factual allegations, there "must be enough to raise a right to relief above the speculative level." Id. at ___, 127 S. Ct. at 1965.

A. Choice of Law

Under Georgia's choice of law doctrine of lex loci delictis, the law of the state where the injury occurred governs the fraud action. See Int'l Bus. Machines Corp. v. Kemp, 536 S.E.2d 303, 306 (Ga. App. 2000). An exception to this rule is

where the foreign state's law contravenes Georgia's established public policy. See Alexander v. Gen. Motors Corp., 466 S.E.2d 607, 609 (Ga. App. 1995), rev'd on other grounds, Alexander v. Gen. Motors Corp., 475 S.E.2d 123, 123-24 (Ga. 1996) (holding that the Court of Appeals correctly stated the public policy exception but erroneously concluded that the exception did not apply). "The burden is on the party seeking to establish the public policy exception." Alexander, 466 S.E.2d at 609.

Luigino's does not dispute that the injuries occurred in Florida but it argues that Florida law should still not apply because Florida's economic loss rule violates Georgia's public policy. We disagree. Both Florida and Georgia have an economic loss rule which generally prohibits a contracting party from suing in tort for only economic damages. See Gen. Elec. Co. v. Lowe's Home Ctrs. Inc., 608 S.E.2d 636, 637 (Ga. 2005) ("The 'economic loss rule' generally provides that a contracting party who suffers purely economic losses must seek his remedy in contract and not in tort."); Indem. Ins. Co. of N. America v. American Aviation, Inc., 891 So. 2d 532, 536 (Fla. 2004) (tort action to recover solely economic damages is barred where parties are in contractual privity). The policy considerations underlying both rules are the same – to prevent a plaintiff from recovering duplicative damages for the same wrongdoing. See Gen. Elec. Co., 608

S.E.2d at 639 (economic loss rule "avoids the unfairness to defendants that would come with duplicative liability for the same damage"); American Aviation, 891 So. 2d at 536 ("'Where damages sought in tort are the same as those for breach of contract a plaintiff may not circumvent the contractual relationship by bringing an action in tort.'") (citation omitted).

Further, as the district court pointed out, both Georgia and Florida law recognize an exception to the economic loss rule for injuries that occur independently of the contract. See O.C.G.A. § 51-1-11(a) (2000) ("[I]f the tort results from the violation of a duty which is itself the consequence of a contract, the right of action is confined to the parties and those in privity to that contract, except in cases where the party would have a right of action for the injury done independently of the contract . . . ."); American Aviation, 891 So. 2d at 537 ("Although parties in privity of contract are generally prohibited from recovering in tort for economic damages, we have permitted an action for . . . torts committed independently of the contract breach, such as fraud in the inducement."). Contrary to Luigino's contention, Georgia law does not unequivocally "hold persons making fraudulent statements in business settings liable, despite contractual relationships." Appellant's Brief at 20; see, e.g., ServiceMaster Co., L.P. v. Martin, 556 S.E.2d 517, 523 (Ga. App. 2001) (fraud claim properly dismissed because the alleged

7

fraudulent statements did not induce plaintiff to provide any services and therefore could not "convert a claim in contract into a discrete claim in tort").

Given the similarities between Georgia and Florida law, the district court correctly concluded that Florida's economic loss rule does not contravene Georgia's public policy and that Florida law should apply under the doctrine of lex loci delictis. Accordingly, we affirm that aspect of its judgment.

B. Application of Florida's Economic Loss Rule

Although the district court correctly determined that Luigino's fraud claim is governed by Florida law, it erred in applying the economic loss rule with respect to Miller. The Supreme Court of Florida has expressly limited the economic loss rule to situations "where the parties are either in contractual privity or the defendant is a manufacturer or distributor of a product, and no established exception to the application of the rule applies." American Aviation, 891 So. 2d at 534. In American Aviation, the parties were not in contractual privity and the defendant was neither a manufacturer nor distributor of a product. Id. Accordingly, the plaintiff's negligence action was not barred by the economic loss rule. Id.

Here, there is no contractual privity between Luigino's and Miller because the only named parties to the lease agreement are Luigino's and Miller International. Luigino's complaint does not aver that it had a contractual

8

relationship with Miller and it did not file its claims for specific performance and breach of contract against Miller personally. In the absence of contractual privity between Luigino's and Miller, Florida's economic loss rule does not apply. See id.; accord Advisor's Capital Investments Inc., v. Cumberland Cas. & Sur. Co., No. 8:05-CV-404-T-23MAP, 2007 WL 220189, at *2 n.5 (M.D. Fla. Jan. 26, 2007) (economic loss rule does not bar claims of fraudulent inducement and negligent misrepresentation because plaintiffs and defendants were not in contractual privity); McLeod v. Barber, 764 So. 2d 790, 792 (Fla. App. 2000) ("[T]he law is clear that the economic loss doctrine does not apply to tort claims where there is no contractual relationship between the parties."); Williams v. Bear Stearns & Co., 725 So. 2d 397, 399 (Fla. App. 1998) (economic loss rule does not apply to tort claims of negligent misrepresentation and breach of fiduciary duty against three defendants who had no contractual relationship with the complaining party). The district court therefore erroneously dismissed Luigino's fraud claim against Miller on this basis.

We recognize that contractual privity may not be required when a tort action is barred against a corporation under the economic loss rule and its corporate employee is being sued for the same tortious conduct. See Vesta Constr. & Design, L.L.C. v. Lotspeich & Assoc., Inc., 974 So. 2d 1176, 1181 (Fla. Dist. Ct.

9

App. 5 2008); see also Ben-Yishay v. Mastercraft Dev., LLC, 553 F. Supp. 2d 1360, 1370-71 (S.D. Fla. 2008). In Vesta, the Fifth District correctly noted the distinction in Florida law between misrepresentations which occur during the performance of the contract and those which are independent of the contract, such as those made to induce a party to enter the contract on behalf of the company. See Vesta, 974 So. 2d at 1181-82. In the latter case (misrepresentations made independent of the contract), the economic loss rule does not apply to bar a tort claim. See id. at 1182. Because the employee's alleged misrepresentations in Vesta occurred during the performance of the contract, however, the economic loss rule applied to bar a negligence suit against that employee. See id. In Ben-Yishay, the court concluded that the plaintiffs' fraudulent inducement claims were not independent of their breach of contract claims because the alleged misrepresentations consisted of promises made in the agreement and a merger clause restricted reliance on prior representations. See Ben-Yishay, 553 F. Supp. 2d at 1370. Accordingly, the court ruled that because the economic loss rule barred claims of fraudulent misrepresentation against the corporations involved in the contract, it likewise barred those same claims against an employee of those companies. See id. at 1371.

Unlike the contract here, however, Vesta and Ben-Yishay involved contracts

10

capable of performance. The contract between Luigino's and Miller International could not be performed under any circumstances because Miller International did not own the property purportedly leased. Under Georgia law, which governs whether Luigino's was entitled to specific performance of the contract, a court cannot order "the specific performance of a contract wherein the purported vendor agrees to sell land which belongs to another." Viola E. Buford Family Ltd. P'ship v. Britt, 642 S.E.2d 383, 384 (Ga. Ct. App. 2007) (quotation marks omitted). The contract was thus totally incapable of performance, which is why the district court dismissed Luigino's claim for specific performance. See R1-21 at 3-7. The district court nevertheless concluded that the economic loss rule applied to Miller International based on its erroneous finding that Luigino's fraud claim "relates to Defendants' performance of the contract." See id. at 12-13. Contrary to the court's finding, the fraud was manifestly in the inducement into a non-performable contract – not in its performance. However, that ruling by the district court as to Miller International is not before us.

Since the fraud in this case was in the inducement, the liability for such tortious conduct was chargeable jointly and severally to Miller and Miller International. Application of the economic loss rule to bar Luigino's fraud in the inducement claim against Miller individually was error. As noted above, there was

11

no privity between Miller and Luigino's which is a prerequisite to application of the contractual privity economic loss rule.  The district court's uncontested erroneous finding of fraud in the performance with respect to Miller International – which triggers application of the economic loss rule – cannot be used to justify application of that rule against Luigino's in its claim of fraud in the inducement (an exception to the economic loss rule) against Miller individually.  Any concern about a double recovery vis-a-vis Miller individually is satisfied by the hornbook text rule that "[w]hen payment of the judgment in full is made by the judgment debtor, there is no doubt that the plaintiff is barred from a further action against another who is liable for the same damages, or from enforcement of another judgment against the other."  See Keeton et al., Prosser & Keeton on the Law of Torts § 48 (5th ed. 1984).  Thus, to the extent the damages overlap, Luigino's cannot recover twice.  In light of our decision, we decline to address at this juncture Luigino's argument that it should be permitted to amend its complaint.

### III.  CONCLUSION

Luigino's appeals the dismissal of its fraud claim against Miller.  We AFFIRM the district court's judgment as to the application of Florida law. However, we conclude that the district court erroneously dismissed this claim under Florida's economic loss rule.  Given that Luigino's had no contractual

12

relationship with Miller and the fraudulent misrepresentations occurred in the inducement of the contract, the economic loss rule does not apply to bar Luigino's fraud claim against Miller.  Accordingly, we VACATE and REMAND for further proceedings consistent with this opinion on that issue.

AFFIRMED in part; VACATED and REMANDED in part.