**THIRD DIVISION**
**DOYLE, P. J.,**
**HODGES and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 27, 2024**

# In the Court of Appeals of Georgia

A24A0297. SANCHEZ CURTIS et al v. ROE.

WATKINS, Judge.

Elena Sanchez Curtis and Jane Romansky (collectively "Buyers") appeal from the trial court's grant of summary judgment and award of attorney fees against them arising out of a failed real estate transaction. Buyers contend that the trial court erred in refusing to reform a purchase and sale agreement and in granting attorney fees against them based on a term of the purchase and sale agreement. For the reasons set forth herein, we affirm the trial court's grant of summary judgment on the reformation claim, but we reverse the trial court's award of attorney fees.

"We apply a de novo standard of review to an appeal from a grant of summary judgment and view the evidence, and all reasonable conclusions and inferences drawn

from it, in the light most favorable to the nonmovant. A defendant may obtain summary judgment by showing an absence of evidence supporting at least one essential element of the plaintiff[s'] claim."[1]

So viewed, the record demonstrates that in 1998, Raymond Roe, Sr. ("Father") and his son Raymond A. Roe ("Son") jointly purchased 10.65 acres of land in Forsyth County with the intent to subdivide the property and build homes for themselves on it.[2] Ultimately, Father and Son had this property split into two tax parcels and each paid property taxes for the tax parcel on which he resided. The tax parcel on which Father resided was given the address 6135 Bannister Road and consisted of roughly 4.83 acres. The tax parcel on which Son resided was given the address 6175 Bannister Road and consisted of roughly 4.73 acres. Neither Father nor Son ever quitclaimed his interest in either tax parcel to the other, and they both apparently failed to realize that they continued to jointly own the entire property after the tax parcel subdivision. Subsequently, Father and Son jointly quitclaimed 1.09 acres of the land they jointly owned to Bryan and Erica Roe.

---

[1] (Citation omitted.) *Saik v. Brown*, 355 Ga. App. 849, 850 (846 SE2d 132) (2020).

[2] At times in the record Raymond A. Roe is identified as "Raymond Roe, Jr."

In 2021, Father entered a Purchase and Sale Agreement with Buyers to sell his home and the land known as 6135 Bannister Road (the "Contract").[3] Father signed the Contract with Buyers, but Son did not. The Contract identified the land being sold by the tax parcel ID that had been assigned to the land on which Father resided, which consisted of roughly 4.83 acres. The Contract, however, also provided that the legal description of the property being sold was "the same as described in Deed Book 5550, Page 186" of the land records of Forsyth County. The referenced document is a Deed to Secure Debt between Father, Son, and two other individuals which was filed in 2009. The legal description of the land in that document was for the original 10.65 acres less and excepting the 1.09 acres previously deeded to Bryan and Erica Roe. Father did not intend to sell the entire 9.56 acres described in the identified deed book page; rather, he only intended to sell his home and the roughly 4.83 acres that comprised the tax parcel where he resided. Buyers eventually judicially admitted that they only intended to purchase 4.83 acres, not 9.56 acres, although through their initial and amended complaints they sought title to the entire 9.56-acre lot.

---

[3] The Contract contains a typographical error which identifies the property as "6135 Bannister Drive," but the parties do not argue that this particular error affects the validity of the Contract.

After execution of the Contract, the parties realized both that Son was a co-owner of the property known as 6135 Bannister Road but not a signatory to the Contract, and that the Contract was internally inconsistent with regard to identification of the acreage of the property to be sold. The sale was never consummated. Buyers filed suit against Father and Son and amended their complaint numerous times. Ultimately, Buyers sought the equitable remedies of specific performance and reformation of the Contract and alleged breach of contract. Buyers did not include a copy of an answer filed by Father and Son in the record on appeal, but there is no dispute that they counterclaimed for attorney fees pursuant to the Contract.

Father and Son individually moved for summary judgment. The day before the hearing on the summary judgment motions, Buyers dismissed all claims against Son without prejudice. Following a hearing, the trial court granted summary judgment to Father on all of Buyers' claims. Buyers then moved for a directed verdict on Father's counterclaim for attorney fees. The trial court held an evidentiary hearing and granted Father attorney fees based on a provision of the Contract because he was the prevailing party. Buyers timely appealed.

1. Buyers first argue that the trial court erred in refusing to reform the Contract.[4] We disagree.

"Reformation as applied to a contract is a remedy cognizable in equity for the purpose of correcting an instrument so as to make it express the true intention of the parties, where from some cause, such as fraud, accident, or mistake it does not express such intention."[5]

> The term "mistake" refers to some unintentional act, or omission, or error, arising from ignorance, surprise, imposition, or misplaced confidence. Such a mistake may be one of fact or of law. A "mutual mistake" means a mistake shared by, or participated in by, both parties, or a mistake common to both parties, or reciprocal to both parties; both must have labored under the same misconception in respect of the terms and conditions of a written instrument, intending at the time of the execution of the instrument to say one thing and by mistake expressing another, so that the instrument as written does not express the contract

---

[4] Buyers do not appeal the trial court's grant of summary judgment on its claims for specific performance or breach of contract.

[5] *Deck v. Shields*, 195 Ga. 697, 701 (25 SE2d 514) (1943) (superceded by statute on other grounds); see also OCGA § 23-2-30 ("A distinction exists between reforming a contract and executing a contract in case of mistake. To authorize the former, the court shall be satisfied by the evidence that the mistake was mutual; but the court may refuse to act in the latter case if the mistake is confined to the party refusing to execute.").

or intent of either of the parties. A mutual mistake is one in which both parties participate by each laboring under the same misconception.[6]

"The remedy[ of reformation, however,] is not available for the purpose of making a new and different contract for the parties, but is confined to establishment of the actual agreement."[7] Moreover, "[e]quity will grant relief [only] as between the original parties or their privies in law, in fact, or in estate, except bona fide purchasers for value without notice."[8]

Buyers contend that they are entitled to equitable reformation of the Contract because they and Father were laboring under the misconception that the legal description of the property identified in the Contract was the roughly 4.83 acres known as 6135 Bannister Road, not the 9.56-acre parcel that was actually identified in the legal description. It is undisputed that neither Buyers nor Father intended for the entire 9.56-acre parcel to be the subject of the Contract. Nonetheless, equitable reformation is not available because Son is a co-owner of the roughly 4.83-acre parcel.

---

[6] (Citations and punctuation omitted.) *Yeazel v. Burger King Corp.*, 241 Ga. App. 90, 94 (2) (526 SE2d 112) (1999).

[7] *Deck*, 195 Ga. at 702.

[8] OCGA § 23-2-34.

The relief sought by Buyers is not to reform the existing contract, but rather is to create a new contract — one in which *both* Father and Son sell their interests in the 6135 Bannister Road property. As stated above, the remedy of equitable reformation is only available as between the original parties to a contract or their privies. Equity will not intervene to deprive Son of property rights he never bound himself to relinquish.[9]

In light of the unavailability of equitable reformation under the facts of this case, we need not analyze the alternate basis for the trial court's denial of reformation based on the exclusive remedies provision of the Contract.

2. Next, Buyers contend that, because the Contract was void under the Statute of Frauds as it did not contain a legally sufficient description of the property, the trial court erred in granting attorney fees pursuant to a prevailing party clause in the

---

[9] In their Reply Brief, Buyers contend that the exclusion of Son from the Contract was a mistake that could be resolved through reformation of the Contract. "[W]e do not[, however,] consider arguments that are raised for the first time in a reply brief." *Stewart v. Johnson*, 358 Ga. App. 813, 814 (856 SE2d 401) (2021) (citation omitted). Buyers also appear to suggest that Father can be compelled through specific performance to sell his fractional interest in the 6135 Bannister Road property. See *Chastain v. Schomburg*, 258 Ga. 218 (367 SE2d 230) (1988). Not only was this argument raised for the first time in their Reply Brief, Buyers also have not enumerated the trial court's failure to decree specific performance as error. Accordingly, we do not consider this argument. See Court of Appeals Rule 25 (a) (4).

Contract.[10] We agree and conclude that the trial court erred by relying on the Contract to award attorney fees to Father.

In its order granting summary judgment to Father, the trial court concluded that specific performance was not available to Buyers because Son was not a party to the Contract and, "[m]oreover," because the Contract had "a very serious defect in the description of the property to be conveyed." The trial court noted that specific performance is an available remedy only if the parties' contract clearly identifies the property at issue. The court then concluded that the description of the property was defective in this case; significantly, the court observed that Buyers had "conceded that, absent a new agreement between the parties, there is no valid legal description of [the 4.83-acre] tract."

---

[10] The trial court awarded attorney fees pursuant to the following provision of the Contract:

> Attorney's Fees: In any litigation or arbitration arising out of this [Contract], including but not limited to breach of contract claims between Buyer and Seller and commission claims brought by a broker, the non-prevailing party shall be liable to the prevailing party for its reasonable attorney's fees and expenses.

Under the Statute of Frauds, all contracts for the sale of land must be in writing and signed by the party to be charged therewith.[11] And it is well-established that, "[f]or such a contract to meet the statutory requirements, . . . the land must be so described by the writing itself that it is capable of identification."[12] Here, the Contract provided that the property's legal description was "the same as described in Deed Book 5550, Page 186." That document, however, identified the 10.65 acre tract owned by Father and Son, less and excepting the 1.09 acres they had previously conveyed away. Thus, we agree with the trial court that the Contract lacked a sufficient legal description of the 4.83 acres it was intended to convey.[13] Under these circumstances, the Contract was void and the trial court, therefore, erred by relying on a provision of the Contract to award attorney fees to Father.[14]

---

[11] OCGA § 13-5-30 (a) (4).

[12] *Smith v. Wilkinson*, 208 Ga. 489, 493 (2) (67 SE2d 698) (1951).

[13] See *Makowski v. Waldrop*, 262 Ga. App. 130, 132-133 (1) (a) (584 SE2d 714) (2003) (agreement's description of property was insufficient under the Statute of Frauds because, even considering parol evidence to which the agreement served as a "key," the agreement did not lead unerringly to the property the parties intended to convey).

[14] *O'Dell v. Pine Ridge Investments, LLC*, 293 Ga. App. 696, 699-700 (667 SE2d 912) (2008) (holding that a seller could not retain a deposit paid by a prospective buyer pursuant to a forfeiture clause in a real estate purchase agreement that was void

In summary, we affirm the grant of summary judgment to Father on Buyers' claim for equitable reformation, and we reverse the trial court's award of attorney fees to Father under the Contract.

*Judgment affirmed in part and reversed in part. Doyle, P. J., and Hodges, J., concur.*

---

for lack of a sufficient legal description of the property).